MATTOX, ordinary, *v.* KNOX *et al.*

1. A general law, within the meaning of that clause of the constitution which declares that "laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an ex-

isting general law," is a law which by its provisions purports to operate throughout the State, and, with reference to the particular subject or class of subjects with which it deals, to prescribe a uniform rule applicable alike to all of them; and a law which is general in its operation is not the less a general law because of the fact that at the time of its enactment there happened to be then existing a local law relating to the same subject and applicable in its operation to a particular locality.

2. The code, as modified by other general legislation upon the subject, has established a system of road law, general in its nature and of uniform operation throughout the State. It prescribes in general terms how and by what instrumentalities public roads are to be established, laid out and maintained. Hence, after the adoption of the present constitution, the legislature was without authority, the code provisions on the subject being then of force, to pass a local act prescribing for a particular county a system of road law differing from that provided by the general road law of the State.

July 8, 1895.

Petition for injunction. Before Judge Turnbull. Chattooga county. May 8, 1895:

Knox, Jennings and Holton, citizens of Chattooga county, subject to road duty, and owners of real and personal property, brought a petition to restrain the ordinary of that county from proceeding under the special road law for that county enacted in 1889. Acts, p. 1228. The ordinary was restrained as prayed for, to which ruling he excepted. The grounds of the petition are, that the special law in question is unconstitutional and void, for the reasons that at the time of its passage there was a general law applicable to the subject-matter and operative in every county in the State, to wit, Code, §597–652; that the act proposes to amend the road laws of this State, but neither in the title nor the body does it distinctly describe the law to be amended, or indicate the alteration to be made; and that the body contains matter different from what is expressed in the title.

Dean & Dean, J. D. Taylor and J. W. Ewing, for plaintiff in error. J. M. Bellah, *contra.*

SIMMONS, Chief Justice.

The code, as modified by subsequent general legislation upon the subject, has established a system of road law, general in its nature and of uniform operation throughout the State. It prescribes in general terms how and by what instrumentalities public roads are to be established, laid out and maintained. This system applies territorially to the whole State. No county or district is excepted. It is true that at the time of the adoption of the code and before the ratification of the present constitution, certain counties had special laws for working their roads, but this did not make the system of law laid down in the code less general. If these special laws should be repealed, the general road laws for the whole State would immediately become operative in those counties. The legislature was not prohibited, before the constitution of 1877, from enacting special laws for particular localities, varying or changing a general law; but since the adoption of the present constitution, it is prohibited from so doing. Consequently, when it passed the act of 1889 changing the general road laws so far as the county of Chattooga was concerned, it went beyond its power, and the act is unconstitutional. While that act purports to amend the general road laws so far as they affect the county of Chattooga, it is nevertheless a special act and changes the general law for a particular locality. The provisions of the act are entirely inconsistent with the general law. The act provides new instrumentalities for carrying into effect the general legislative scheme for working the roads, and these instrumentalities make Chattooga an exception to the general law. For a discussion of the clause of the constitution now under consideration, see the able opinion of BLECKLEY, C. J., in *Mathis* v. *Jones*, 84 *Ga.* 804. See also *Lorentz* v. *Alexander*, 87 *Ga.* 444; *Crabb* v. *The State*, 88 *Ga.* 584.

*Judgment affirmed.*