THOMAS *v.* AUSTIN, sheriff.

1. The act of the General Assembly, embodied in section 4270 et seq. of the Civil Code, for the establishment of a city court "upon the recommendation of the grand jury of any county having a population of ten thousand or more, where a city court does not now exist," is not a general law.
2. The local act approved December 13, 1893 (Acts of 1893, p. 373), for the

establishment of a city court for DeKalb county, is not in violation of par. 1, sec. 4, art. 1 of the constitution of this State, which provides that no special law shall be enacted in any case for which provision has been made by an existing general law.

Argued February 9, — Decided March 24, 1898.

Petition for habeas corpus.    Before Judge Candler.    DeKalb county.    January 8, 1898.

*W. W. Braswell*, for plaintiff.
*C. W. Smith* and *R. R. Arnold*, for defendant.

LEWIS, J.    The plaintiff, Reuben Thomas, sued out a petition for habeas corpus before the judge of DeKalb superior court, alleging that he was illegally deprived of his liberty by H. C. Austin, sheriff of said county; that he was arrested by the sheriff upon a pretended warrant issued by H. L. Parry, judge of the city court of DeKalb, which warrant was based upon a pretended accusation purporting to be sworn out in said city court; that said Parry had no authority to issue said warrant; and that the same was a nullity, for the reason that the act of the legislature approved December 13th, 1893, establishing said city court, is in violation of art. 1, sec. 4, par. 1, of the constitution of this State, which declares: "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law." Upon the hearing of the case the judge of the superior court denied the petition, and ordered that the prisoner, Reuben Thomas, be remanded to the custody of the sheriff.    To this judgment exception was taken.

The sole question presented by the record in this case is whether or not the local act establishing the city court of De-Kalb (Acts of 1893, p. 373) is in violation of that provision in the State constitution above mentioned.    It is insisted by counsel for plaintiff in error, that the act of the legislature, embodied in section 4270 et seq. of the Civil Code, for the establishment of a city court upon the recommendation of the grand jury of any county having a population of ten thousand or more, where a city court does not now exist, is a general law, and that there-

fore the local act of 1893 creating a city court **for** DeKalb county is unconstitutional, because provision for such court has been made by an existing general law. The constitution declares that "Laws of a general nature shall have uniform operation *throughout the State.*" There have been many decisions of this court defining what is a general law within the meaning of this constitutional provision. In the case of *Mathis* v. *Jones*, 84 *Ga.* 804, what is known as the "fence law" was declared to be a general law; and in that case it was, therefore, held that a local act for "no fence" in a certain militia district was unconstitutional. On page 808 of that case Chief Justice Bleckley said: "The generality here spoken of is territorial generality." See also *Thomas* v. *State*, 92 *Ga.* 6. In *Crabb* v. *State*, 88 *Ga.* 584, the local option liquor law was declared a general law, and, therefore, a local act to prohibit the sale of liquor in a certain county was unconstitutional. On page 587, Justice Lumpkin, in delivering the opinion, said: "It is true that section 9 of this act enacts that no elections shall be held under its provisions in any county, or other place, where the sale of spirituous liquors is already prohibited by high license, local option or other legislation, so long as these local laws remain of force, but the act, nevertheless, undoubtedly contemplates that it may operate in counties, or other localities, where prohibition existed at the time of its passage, whenever such prohibition shall cease to exist, and therefore the act may, and does, apply to every county and section of the State." To the same effect is the case of *Mattox* v. *Knox*, 96 *Ga.* 403, which rules that the "road law" is a general law, although there may be some counties with a local system to which the general law does not apply so long as the local system exists. See also *Haney* v. *Commissioners of Bartow County*, 91 *Ga.* 770. In *Brown* v. *State*, 73 *Ga.* 38, it was decided that the act of 1881, imposing a special tax on the sale of liquors, was a general law, because it applied to every locality where liquor is sold. In *Butler* v. *State*, 89 *Ga.* 821, the act of August 11, 1891, prohibiting the sale of liquors within three miles of any church or schoolhouse, was declared a general law for the same reason. On the other hand, in the case of *Fullington* v. *Williams* 98

*Ga.* 807–8, a law in the code for the incorporation of towns and villages was held not to be a general law, because it does not apply to any community, etc., within one mile of the corporate limits of any city. In *Lorentz & Rittler* v. *Alexander*, 87 *Ga.* 444, it was held that the act of 1879, for the establishment of county courts, was not a general law, because it excepted the county of Walton, and all counties having a city court, and all county courts then existing.

Other citations might be made upon the same subject from decisions of this court, but the above are sufficient to establish this as a well-defined rule: that the words "throughout the State," as used in the constitution, necessarily imply that in order for a law to partake of the nature of generality, it should, by its terms, show that it is capable of being applied in any county in the State. It is not necessary that every county in the State, at the time of the passage of the law, should fall within its operation, but it is necessary that none should be excepted in such a way that it can never fall within its provisions. If, therefore, a statute should except from its operation even one county, either by name or by the use of such words as clearly indicate that the law can never apply to such county, the act is lacking in the feature of "territorial generality," and is, therefore, not a general law. We think this case is controlled by the decision above cited, in *Lorentz & Rittler* v. *Alexander*. In that case Justice Simmons said: "The act of 1872, which first provided for the establishment of county courts, was not a general law having uniform operation throughout the State, for the act itself excepted 46 counties from its operation. The act of 1879, which amended the prior act, was not a general law, for the same reason. It excepted Walton county by name, and all counties in which a city court had been established, and all counties in which county courts were then existing. A law to be general under this section of the constitution must operate uniformly, throughout the whole State, upon the subject or class of subjects with which it purposes to deal. The act under consideration deals with the establishment of county courts. In order for it to be general and have uniform operation throughout the State, it must affect each county in the State. If it ex-

cepts one, or several, it is not general, and can not have this uniform operation in all counties of the State. It follows, therefore, that the act in question is not a general law, under this clause of the constitution." The use by Justice Atkinson of the word "general" in connection with this act, in *W. U. Tel. Co.* v. *Jackson*, 98 *Ga.* 208, was manifestly without reference to the question now in hand.

Applying this principle to the act under consideration (Civil Code, § 4270 et seq.); we think clearly that it is not a general law. There is excepted from its operation every county that has a population of less than ten thousand; and also every county in which a city court then existed. These exceptions embrace over sixty counties in the State. It is true that, in the course of events, there is a bare possibility that every county in Georgia will have a population of ten thousand. We are not prepared to say that this exception alone in the act would prevent it from being a general law; but we can see a marked distinction between an exception of this character that is made, and an act which excepts counties on account of conditions then prevailing, which may be removed either by a vote of the people, or by mere will of the legislature. The other exception of counties where a city court exists brings without the operation of the law every such county in the State as effectually as if it had been named. This exception embraces some twelve or thirteen of the largest counties in the State, which can never fall within the operation of this statute; and this feature alone would make the act a special and not a general law.

It was further contended in this case, that the constitution requires that the jurisdiction, powers, etc., of all courts or officers invested with judicial powers, of the same grade or class, shall be uniform throughout the State, and this uniformity must be established by the General Assembly; that the city court of DeKalb county varies in its jurisdiction, powers, procedure, etc., from city courts established upon recommendation of the grand jury. The reply to this is, that the constitution itself expressly excepts from its rule of uniformity city courts.

*Judgment affirmed. All the Justices concurring.*