## WARREN COUNTY *et al. v.* TODD.

GILBERT, J.   Under the pleadings and the evidence the court did not err in granting an interlocutory injunction preserving the status in this case.     ·    *Judgment affirmed. All the Justices concur.*

No. 2011. NOVEMBER 17, 1920.

Injunction.   Before Judge Walker.   Warren superior court. April 5, 1920.

Todd obtained an interlocutory injunction against the county and its commissioner of roads and revenues, Fitzpatrick, preventing them from further trespassing on Todd's land in the work of laying out a new road. It was agreed, at the hearing, . that there had been no compliance with the terms of the Civil Code, §§ 640 et seq. The defendants contended that they had the power, under the laws of the State, to condemn land; by virtue of which they gave to Todd, on February 21, 1920, written notice of their intention to condemn a part of his land, particularly described, for the grading and building of a public road as necessary and to the interest of the county, fixing the time for hearing on February 27, 1920, nominating an assessor to represent the county, and requesting that Todd name an assessor and be present in person at the hearing. At the time so fixed B. T. Ivey appeared as representing Todd. Ivey and Brinkley, the county's assessor selected a third assessor; and the three made an award of damages. From this award Todd entered an appeal to a jury in the superior court. The petition for injunction was presented later. It was further contended that by appointing an assessor who thus acted, and by entering the appeal, Todd acquiesced in and ratified the condemnation proceeding, selected his forum and remedy, and became estopped to invoke equitable relief. There was a conflict in the testimony of Todd and of Ivey, as to whether Ivey was authorized by Todd to appear for him as an assessor, Todd contending that the appearance was without authority and through a misunderstanding.

*E. T. Shurley,* for plaintiffs in error. *M. L. Felts,* contra.