### AINSLEE v. COUNTY OF MORGAN et al.

GILBERT, J.  Under the facts of this case it was error for the court to refuse to enjoin the county authorities from proceeding to condemn the land, there having been no compliance with sections 640 et seq. Civil Code.  *Warren County* v. *Todd*, 150 *Ga.* 690 (104 S. E. 906).

*Judgment reversed.  All the Justices concur.*

No. 2203.  FEBRUARY 15, 1921.

Petition for injunction.  Before Judge Park.  Morgan superior court.  July 30, 1920.

Morgan County, through its board of commissioners of roads and revenues, served upon Mrs. Ainslee a notice of its purpose to condemn a strip of land 30.12 feet wide across her property for a distance of 3625 feet, to be used for the construction of a public road. Mrs. Ainslee filed a petition seeking to enjoin the county and the individuals constituting the board of commissioners from proceeding with the condemnation; alleging that it was the intention to use the property, condemnation of which was sought, for the purpose of changing the location of an existing road; that the change was unnecessary; that it would result in the destruction of a number of valuable shade-trees and injury to petitioner's property for residence purposes; that no offer of compensation had been made to petitioner; that the road could readily be so located that the damage to petitioner would not be so great, and she had offered to donate a sufficient amount of her land for that purpose; that no proper legal action had been taken by the commissioners looking to the construction of the road, and the entire proceeding was without authority of law; that if defendants were permitted to proceed the damage to her property would be irreparable; and that she had no adequate remedy at law.

The defendants denied all the material allegations of the petition, and set up: that they had on numerous occasions endeavored to reach an agreement with the plaintiff as to the price to be paid her for the land, but were always informed that she would not sell any land to the county; that defendants had been willing in preliminary surveys for the road to make a detour in front of petitioner's residence, in order to purchase from her the required land, but when they were positively informed that she would sell no land at all, the road was surveyed straight across her land; that the offer to donate was not made by petitioner until they had expended $1000

or other large sum in grading the road on either side of petitioner's property in accordance with the survey; that to change the location of the road as proposed across her land would result in the loss of this labor, and in the making of unnecessary curves and increasing the danger of travel. The plaintiff introduced evidence in support of her petition, and the defendants introduced evidence in support of their answer. At the interlocutory hearing both parties agreed in open court that the commissioners had not complied with sections 640 et seq. of the Civil Code. The court refused to grant an injunction, holding that the county authorities were authorized to proceed under sections 5206 et seq. of the Civil Code. The plaintiff excepted.

*K. S. Anderson* and *Orrin Roberts*, for plaintiff.

*Williford & Lambert*, for defendants.