## SHORE *v.* BANKS COUNTY *et al.*

1. The act of the General Assembly approved August 8, 1924 (Ga. Laws 1924, p. 275), is a special law enacted in a case for which provision had been made by an existing general law, and therefore is unconstitutional. The county authorities having undertaken to proceed in the opening and laying out of the road by virtue of the aforesaid special act, the court erred in refusing to grant the injunction prayed for in the petition.

2. Since the ruling in the preceding headnote controls the case and renders a reversal necessary, we do not deal with other questions raised in the bill of exceptions.

No. 5054. APRIL 17, 1926.

Petition for injunction. Before Judge Fortson. Banks superior court. August 3, 1925.

*Charters & Wheeler,* for plaintiff.

*J. B. G. Logan, Horace & Frank Holden,* and *J. J. & Sam. Kimzy,* for defendants.

GILBERT, J. W. A. Shore filed a petition against Banks County and county commissioners D. P. Wright and R. C. Moss, alleging, in substance, that petitioner is the owner and in possession of a described tract of land within the corporate limits of the town of Baldwin, said county; that said county commissioners have served notice upon petitioner that the board of commissioners of roads and revenues "have by proper order determined to open a public road, authorized and established by an act of the General Assembly of Georgia, Georgia Laws 1924, page 275, said road known and designated as the 'Johnnie Ford' or Clarkesville and Homer public road, and traversing some 1500 feet over lands belonging to you," and further describing the beginning and ending of said proposed road. The notice further provides that the proposed road is to run along the "old roadway across your lands approximately 1500 feet in length to the Habersham County and Banks County line, said proposed road to be forty (40) feet in width, taking and ap-

propriating approximately 5200 square feet or approximately one (1) acre of land, title to which is in you." The notice further states that the county will proceed to condemn the aforesaid land for a public highway for the use and benefit of the general traveling public; that the County of Banks names James H. Wilbanks as its assessor, and requests petitioner to name one assessor; and names a day and specified hour for a hearing. The petition alleges that neither the county nor the commissioners have any right, title, or interest in and to the land; that the land is within the corporate limits of the Town of Baldwin as defined by its charter, contained in Georgia Laws of 1923, p. 450, sec. 3; that the act of 1924, mentioned in the notice served on petitioner, is in contravention of art. 1, sec. 4, par. 1, of the constitution of the State of Georgia (Civil Code, § 6391), and therefore is null and void; that by the passage of the act of 1924 the legislature undertook to confer special power and authority upon the county authorities of Banks and Habersham Counties to work out, repair, grade, widen, or change a definite, specific road in a definite town in the State of Georgia, and to confer upon said counties special power and authority to exercise the rights and privileges therein specially attempted to be conferred, for which provision had already been made by an existing general law of the State as contained in sections 678 to 689 of the Code; that it contravenes the above-mentioned provision of the constitution, because it is a special law upon the subject of establishing public roads in Habersham and Banks Counties, and makes no provision for the property owner to have determined the question of public utility, and is in conflict with the law as contained in sections 640 et seq. of the Code of 1910, general in nature and of uniform operation throughout the State, providing a method for the establishment of roads; that the act of 1924 is unconstitutional, on the ground that the legislature attempted to confer special power and authority on the County of Banks to condemn the aforesaid land, necessarily affecting the private property of petitioner and his rights therein, and is an attempt to vary in a particular case by special legislation the application of the general laws in force in said State at the time of the attempted passage of said act making provision for the acquirement of said private property by counties in said State for public roads as contained in Code sec-

tions 678 to 689 inclusive, and sections 5243 to 5246 of the Code of Georgia, without the free consent in writing of petitioner, who was the owner of the land in question in fee simple at the time of the attempted passage of said act, and the title thereto has continuously since the passage of said act remained and now is in petitioner, and for this reason said act is null and void and in direct violation and contravention of the provisions of the constitution above quoted. The petition contained other allegations which it is unnecessary to mention, as will be seen from the opinion. The petition contained a prayer for process and for temporary and permanent injunction, and for a decree declaring the act of 1924 null and void. A rule nisi was granted, and on the hearing the temporary injunction was denied, and the plaintiff excepted to that judgment.

1. We will first deal with the issue as to the constitutionality of the act of 1924. Among other reasons for the contention that the act is unconstitutional the plaintiff insists that it is violative of the State constitution, art. 1, sec. 4, par. 1 (Civil Code of 1910, § 6391). That section provides, in part: "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law." In *Mathis* v. *Jones,* 84 *Ga.* 804 (11 S. E. 1018), and *Futrell* v. *George,* 135 *Ga.* 265, 268 (69 S. E. 182), there are elaborate and learned discussions as to what constitutes general laws and special laws. We refer to those decisions which abundantly show that this act is a special law. In *Mattox* v. *Knox,* 96 *Ga.* 403, at p. 405 (23 S. E. 307), Chief Justice Simmons said: "The code, as modified by subsequent general legislation upon the subject, has established a system of road law, general in its nature and of uniform operation throughout the State." That was a unanimous decision, and was approved in *Board of Commissioners* v. *Americus,* 141 *Ga.* 547 (81 S. E. 435). It has several times been ruled that Civil Code §§ 640 et seq. is a general law, providing a method of establishing roads. It is not the only method, but is cumulative. *Penick* v. *County of Morgan,* 131 *Ga.* 385 (62 S. E. 300); *Lee County* v. *Smithville,* 154 *Ga.* 550 (115 S. E. 107). Exceptions are stated in the latter case. It has also been held that the establishment of a public road without compliance with sections 640 et seq. is il-

legal. *Warren County* v. *Todd,* 150 *Ga.* 690 (104 S. E. 906);
*Ainslee* v. *County of Morgan,* 151 *Ga.* 82 (105 S. E. 836);
*Mitchell* v. *Hudspeth,* 151 *Ga.* 772 (108 S. E. 305). Civil Code
§ 5243 is a general law applicable in proceedings to condemn land
for purposes of grading, paving, etc., of roads. The act, as
amended, establishing the highway department and a highway
commission and defining their duties and powers, created an addi-
tional method of establishing roads, and under its terms a public
highway could be established by county and State authorities run-
ning through the limits of an incorporated town or city. In this
case, however, there is no effort to establish a road under that act.
It is also insisted by the defendants that the General Assembly,
under Civil Code § 629, has the power to establish a road. In
the instant case there is no effort to establish a road "by an act of
the General Assembly." The General Assembly did not in the
act of 1924 undertake to establish the road in question. That
act in terms undertook to authorize the county authorities of Banks
and Habersham Counties "to work out, repair, grade, widen, or
change that portion of the old Bushville and Clarkesville road,
now called the Johnny Ford Road, in the Town of Baldwin." If
the General Assembly had undertaken to establish the particular
road, then the question might have been pertinent as to its con-
stitutional authority to establish a particular road rather than to
enact a general law providing for a system of roads operative
throughout the entire territory of the State. It is argued that
there is no general law by which a county road or highway may
be laid out and established through any part of an incorporated
town or city; and abundant authority may be found establish-
ing the fact that the legislature has authority to delegate to munic-
ipal corporations full and exclusive authority over its streets and
alleys, thus excluding any interference by county authorities.
*Wood* v. *Shore,* 160 *Ga.* 173 (127 S. E. 145); *Lee County* v.
*Smithville,* supra, 551. See charter of Baldwin, Acts 1923, p. 486,
section 90. Even if it is a well-founded argument that existing
general laws do not provide a method by which commissioners
may lay out and open a county highway through an incorporated
town, that fact can not materially alter the conclusion to be
reached in this case. If that fact be conceded, the act of 1924 is
nevertheless in conflict with the section of the constitution men-

tioned above. While the act undertakes to confer power on the county commissioners to exercise their jurisdiction to lay out a road through the Town of Baldwin, when that jurisdiction is exercised the commissioners are still compelled to comply with the general provisions of law applicable to such a case. The act of 1924 is a special law; it applies to a restricted territory. It undertakes to authorize the county commissioners of two counties to open and lay out a public highway through a municipality without complying with the general law above stated. It is a special law enacted in a case for which "provision has been made by an existing general law." The act is void. Since the special law under which the county authorities are endeavoring to proceed is unconstitutional, the court erred in refusing an injunction.

2. The second headnote needs no elaboration.

*Judgment reversed. All the Justices concur, except Hines, J., dissenting.*