## PARRISH *v.* GLYNN COUNTY *et al.*

HILL, J. The Civil Code (1910), § 5243, relating to the authority of counties to exercise the right of eminent domain for public roads, provides that the county authorities, "in all cases when it shall become necessary to condemn land in any county of this State, for the purpose of grading, improving, turnpiking, paving, widening, or macadamizing public roads for the use and convenience of the public, . . shall have power and authority to condemn the lands of private persons or corporations, so as to increase the width of said roads to a width as in the judgment of such county authorities shall be proper, not to exceed a width of fifty feet at the base of said road." *Held:*

1. The authority conferred by this provision of law to condemn lands for "improving" public roads within the meaning of that term as employed in the statute, is sufficient to authorize the county authorities to condemn a strip of land fifty feet wide and three hundred and thirty-four feet long, extending from the north line of an existing road to the east line of such road, near the point where said lines of the road form a sharp angle, in order that the road, when so "improved," shall follow a gradual curve and avoid the existing sharp angle in the road.

2. Where it is sought to acquire land by condemnation proceedings for the purpose of "improving" an existing road as just indicated, the procedure for such condemnation is as embodied in the Civil Code (1910), §§ 5243, 5244, and 5245. See *Cook* v. *State Highway Board,* 162 *Ga.* 84 (132 S. E. 902).

3. The proceedings for condemnation referred to above are not rendered inapplicable on account of the provisions in the Civil Code (1910), § 640, relating to procedure by county authorities for establishing a "new road or alteration in an old road." See *Cook* v. *State Highway Board,* supra. Nor are such proceedings rendered inapplicable on account of the provision in § 5246, which declares that the county authorities after final judgment fixing damages to be paid for condemned property "may decline to accept the land so sought to be condemned."

4. The county authorities instituted condemnation proceedings under the Civil Code (1910), §§ 5243 et seq., to condemn property for use in "improving" the road as heretofore referred to. The owner, whose property was sought to be condemned, brought an equitable action against the county, to enjoin the proceedings, on the grounds that the assessor

150

appointed by the county was disqualified to act as such, and that the county had no authority under the statute to condemn the land for the purpose intended. This equitable action continued until after the date fixed for the assessment as specified in the notice to the landowner. The judge held that the assessor appointed by the county was disqualified, and directed that a new assessor be appointed; and a new assessor was appointed. The judge also designated a date in the future at which the assessment should be made. *Held*, that the notice required under the Civil Code (1910), § 5243 et seq., to be given by the county commissioners, or the ordinary, as the case may be, to the landowner, is jurisdictional, and such notice should be given to the landowner by such county authorities, who should also name the date for the assessment. As the time fixed by the judge for the hearing has passed, the county authorities can now give a new notice and proceed with the assessment. The judgment is affirmed, with direction that the county authorities be permitted to give new notice of the time and place of hearing and proceed with the assessment of damages.

5. The plaintiff in error having obtained a substantial modification of the judgment complained of, it is ordered that the cost of bringing the case to this court be taxed against the defendants in error.

*Judgment affirmed, with direction. All the Justices concur.*

No. 6282. SEPTEMBER 22, 1928.

*R. D. Meader*, for plaintiff.   *Conyers & Gowen*, for defendants.