## WHEAT *v.* CITY OF BAINBRIDGE.

No. 6943. May 14, 1929.

*H. G. Bell* and *Bower & Bower,* for plaintiff in error.

*Vance Custer Jr., Jay & Garden,* and *Callaway & Howard,* contra.

BECK, P. J.   To the levy of an execution for street-paving assessments, R. F. Wheat filed an affidavit of illegality based upon the ground that the execution was issued under and by virtue of an act of the General Assembly approved August 25, 1927 (Ga. L. 1927, p. 321), the same being an act to provide a system under which certain classes of municipalities may grade, pave, and otherwise improve their streets, etc., and that said act is unconstitutional and void, because in conflict with article 1, section 4, paragraph 1, of the constitution of the State of Georgia, which provides, among other things, that "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law."   The issue thus made raised a question of law, and being submitted to the court, the affidavit of illegality was overruled, and to this ruling exceptions were taken.

■   One of the contentions made in the affidavit of illegality is that the act referred to in the foregoing statement of facts is not uniform in its operation, "in that it applies only to a city or town now or hereafter incorporated having a population of 600 or more, and does not apply to a city or town having less than 600 population at the time of the approval of said act," and hence the classification is arbitrary.   This contention is without merit.   It is unnecessary to discuss it at any length.   The principle involved in the issue thus made has been ruled in several cases by this court.   *Abbott* v. *Commissioners of Fulton County,* 160 *Ga.* 657 (129 S. E. 38).   See also *Crovatt* v. *Mason,* 101 *Ga.* 246 (28 S. E. 891).   A reading of the decisions in *Worth County* v. *Crisp County,* 139 *Ga.* 117 (76 S. E. 747), *Futrell* v. *George,* 135 *Ga.* 265 (69 S. E. 182), *Wilkinson County* v. *Twiggs County,* 150 *Ga.* 583 (104 S. E. 418), and *Reynolds* v. *Hall,* 154 *Ga.* 623 (114 S. E. 891), will show those cases are clearly distinguishable from the present upon the facts involved.

■   Nor is the act above referred to, nor section 14 thereof, which declares that "this act shall not be construed to repeal any special or local law,  .  .  but shall be deemed to be additional and in-

dependent legislation for such purposes and to provide an alternative method of procedure for such purposes," violative of said section of the constitution of the State of Georgia. In *Crabb* v. *State,* 88 *Ga.* 584 (15 S. E. 455), in discussing the constitutionality of the act there involved, Justice Lumpkin, delivering the opinion of the court, said: "It is true that sec. 9 of this act enacts that no elections shall be held under its provisions in any county, or other place, where the sale of spirituous liquors is already prohibited by high license, local option or other legislation, so long as these local laws remain of force, but the act nevertheless undoubtedly contemplates that it may operate in counties, or other localities, where prohibition existed at the time of its passage, whenever such prohibition shall cease to exist, and therefore the act may, and does, apply to every county and section of the State." And in *Mattox* v. *Knox,* 96 *Ga.* 403 (23 S. E. 307), it is held that the "road law" is a general law, although there may be some counties with a local system to which the general law does not apply so long as the local system exists. In the case of *Thomas* v. *Austin,* 103 *Ga.* 701 (30 S. E. 627), though it was there held that the act under consideration was not a general law, this principle was laid down: "that the words, 'throughout the State,' as used in the constitution, necessarily imply that in order for a law to partake of the nature of generality, it should, by its terms, show that it is capable of being applied in any county in the State. It is not necessary that every county in the State, at the time of the passage of the law, should fall within its operation, but it is necessary that none should be excepted in such a way that it can never fall within its provisions. If, therefore, a statute should except from its operation even one county, either by name or by the use of such words as clearly indicate that the law can never apply to such county, the act is lacking in the feature of 'territorial generality,' and is, therefore, not a general law."

3. It is unnecessary to elaborate the ruling in the third head-note. But see, in this connection, *McGinnis* v. *Ragsdale,* 116 *Ga.* 245 (42 S. E. 492); *Mathis* v. *Jones,* 84 *Ga.* 804 (11 S. E. 1018). In the *Mathis* case it was said: "The law embraced in the Code of 1882, for the exercise of local option as to fences, is a general law having uniform operation throughout the State, notwithstanding it embodies the option principle to be exercised locally and sepa-

rately by each county or each militia district. We think the sounder view, and the one which must finally prevail, is that laws of this character are rightly classified as general and as having uniform operation." See also the elaborate discussion of a similar question in *Sasser* v. *Martin,* 101 *Ga.* 447 (29 S. E. 278).

*Judgment affirmed. All the Justices concur.*