HOCH *v.* CANDLER, commissioner, *et al.*

No. 13239. MAY 17, 1940. REHEARING DENIED JUNE 14, 1940.

*H. W. McLarty* and *Lewis H. Fowler,* for plaintiff.

*Lamar Murdaugh, C. E. Jackson, D. C. Chalker,* and *Julius A. McCurdy Jr.,* for defendants.

JENKINS, Justice. ■ Under art. 6, sec. 16, par. 4, of the constitution (Code, § 2-4304), "suits against . . joint trespassers, residing in different counties, may be tried in either county." Therefore, even though art. 6, sec. 16, par. 3 (§ 2-4303), requires that "equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed" (see also § 3-202), where a petition for injunction, brought in the county where one defendant resides, seeks relief against joint trespasses by all of the defendants, the court is not without jurisdiction, even though all except the one defendant are residents of other counties of the State. This is true, even though the resident defendant, as an employee or agent of other defendants, may have been acting only under their command or authority in the commission of the trespasses. *Baker* v. *Davis,* 127 *Ga.* 649, 652 (57 S. E. 62), and cit; *So. Ry. Co.* v. *Grizzle,* 124 *Ga.* 735 (53 S. E. 244, 110 Am. St. R. 191) ; *Wall* v. *Mercer,* 119 *Ga.* 346, 350 (46 S. E. 420) ; *Millbank* v. *Penniman,* 73 *Ga.* 136 (5, a) ; *McPhaul* v. *Fletcher,* 111 *Ga.* 878 (36 S. E. 938) ; *Flowers Inc.* v. *Chamblee,* 165 *Ga.* 703 (2) (141

S. E. 907). Cases relied on by the defendants, based on other rules not applicable to a case of this character, are distinguished in *Baker* v. *Davis,* supra. Accordingly, this petition by a landowner, to enjoin alleged trespasses by the State Highway Board, a county commissioner, and individuals, was not subject to the demurrers of the defendants on the ground that the petition showed that the court was without jurisdiction of any of the defendants, since the petition did not seek, or show any ground of, substantial relief against the resident defendant.

■ Before the act of January 13, 1938 (Ga. L. Ex. Sess. 1937-1938, p. 251), amending the Code, §§ 36-1104 et seq., relative to the condemnation of land by petition, counties were not permitted to proceed under the sections mentioned, but were limited to other statutory methods. However, under this act of 1938, counties are not thus limited, but are brought within the provisions of §§ 36-1104 et seq., whereby they are given the cumulative right to institute condemnation proceedings by petition and rule nisi, as therein provided. Just as under the old procedure (§§ 36-302 et seq.) it was not necessary under § 36-313, stating what a condemnation notice should contain, that the notice should set forth a previous unsuccessful effort to purchase and a failure to agree on the purchase-price (*Barber* v. *Housing Authority of Rome,* 189 *Ga.* 155 (3), 160, 5 S. E. 2d, 425), so in a proceeding by petition under the new law, since the section stating the necessary averments of the petition does not require any such allegation (§ 36-1105), it is not necessary that any be made with respect to a previous unsuccessful effort to procure the land by contract and agree upon the compensation. *Saint Clair* v. *State Highway Board,* 45 *Ga. App.* 488 (165 S. E. 297).

■ Before the act of 1938, above mentioned, which extended the right to proceed by petition, under §§ 36-1104 et seq., to all persons and corporations having the right of condemnation, there were holdings by this court that a county can not lay out and establish a strictly county road, as distinguished from one designated by the State Highway Board as a part of the State-aid system, by notice to the owner, assessors, and award, as provided by §§ 36-301 et seq., but that in such a case county authorities were relegated to the procedure under §§ 95-202 et seq., requiring publication of citation, notice, and assessment of damages as therein provided.

*Mitchell County* v. *Hudspeth,* 151 *Ga.* 767, 772 (108 S. E. 305);
*Ainslee* v. *County of Morgan,* 151 *Ga.* 82 (105 S. E. 836); *Commissioners of Decatur County* v. *Curry,* 154 *Ga.* 378 (2), 385, 386
(114 S. E. 341); and see *Cook* v. *State Highway Board,* 162 *Ga.*
84 (4), 98 (132 S. E. 902). These decisions, however, requiring
action by the county under §§ 95-202 et seq., did not relate to the
laying out of a road which had been designated as a part of the
State highway system or was about to be so made. *Lee County* v.
*Smithville,* 154 *Ga.* 550, 552 et seq. (115 S. E. 107). See also
*Shore* v. *Banks County,* 162 *Ga.* 185, 186 (132 S. E. 753); *Barham* v. *Grant,* 185 *Ga.* 601 (3), 603 (196 S. E. 43); *State Highway Dept.* v. *H. G. Hastings Co.,* 187 *Ga.* 204, 210 (199 S. E.
793). In like manner, since the proceeding involved in this case,
in which the State Highway Board is made a party defendant, related to the laying out of a road which was to become a part of the
State highway system, the county was not relegated to the procedure under the Code, §§ 95-202 et seq., but was privileged to proceed by petition under the act of 1938, amending §§ 36-1104 et
seq. No question arises as to whether, if the road had been merely
a county road, and was not a part or about to become a part of the
State highway system, the county authorities might proceed by
petition under the provisions of the same sections as amended by
the act of 1938. Nor is any question presented as to whether a
county, in laying out a local county road, could now proceed under
§§ 36-301 et seq., in view of the additional words embodied by the
codifiers in § 36-1001, and also included in the amendatory act of
1937 (Ga. L. 1937, pp. 433, 434), by which additional words the
scope of that section as it stood in the previous Code was so extended as to provide for condemnation by counties, not only for
"grading, improving," etc. (Code of 1910, § 5243), but for the
"laying out" of such a road. See *Parrish* v. *Glynn County,* 167
*Ga.* 149 (144 S. E. 785); Code, § 36-1002.

■ The judgment of DeKalb superior court, condemning the
present petitioner's land under the procedure of the Code, §§
36-1104 et seq., was not subject to attack as void on the ground
that the judgment contained no sufficient legal description of the
land condemned, where the judgment stated that it was "the property described in the petition," and the condemnation petition, in
addition to describing the land as 1.886 acres and by general lan-

guage, stated that it was "more definitely described as a tract within the right of way lines as shown on the plans of said road of file in the office of the commissioner of roads and revenues of DeKalb County;" and where the present injunction petition fails to allege that there was no such plan of file in such office, or to show wherein such plan did not adequately describe the condemned land, but states, merely as a legal conclusion or opinion of the pleader without alleging facts, that such plans "upon inspection are not subject to any intelligent description." See, as to the sufficiency of descriptions of land by key or reference to maps or plans of file in some stated accessible place, *Barber* v. *Housing Authority of Rome*, supra, and cit.; *Anderson* v. *Howard*, 34 *Ga. App.* 292 (7), 297 (129 S. E. 567). In *Green* v. *Road Board of Bibb County*, 126 *Ga.* 693 (1, *a*), 698 (56 S. E. 59), relied on by the petitioner, the description was held insufficient, because there was not only "nothing in the report of the commissioners," but nothing "otherwise of record, to indicate the courses and distances, or the manner and location of the pegs," as placed by the commissioners in their survey.

■ There is no merit in the final ground on which the petitioning landowner seeks to enjoin the alleged trespasses of the defendants, that they "have taken more land than said condemnation proceedings called for, and confiscated said property by trespassing thereon and without any remuneration therefor," since there is no sort of description or statement even as to quantity of the land which it is thus contended was not covered by the former condemnation proceedings.

■ Under the preceding holdings, the court properly dismissed the petition for injunction on the general demurrers of the defendants.     *Judgment affirmed.   All the Justices concur.*