HOGG *et al. v.* CITY OF LAGRANGE.

No. 15944. OCTOBER 17, 1947.

*Duke Davis,* for plaintiffs. *Lovejoy & Mayer,* for defendant.

HEAD, Justice. (After stating the foregoing facts.) In condemnation proceedings the assessors can only assess the amount of compensation to be paid; they can not determine whether it is necessary to condemn the particular property sought to be taken, or whether the condemnor is undertaking to condemn a greater quantity of land than is necessary. The remedy of the condemnee in such a case is to apply to a court of equity. *Piedmont Mills* v. *Ga. Ry. & Electric Co.,* 131 *Ga.* 136 (62 S. E. 52).

In the present case, however, the petition for injunction shows on its face that in the condemnation proceedings the judge of the superior court had entered a judgment condemning the property for public purposes. While it appears from the petition that exceptions pendente lite were filed to this judgment, and it is argued in the brief of counsel for the plaintiff in error that this judgment was prematurely entered and is void, no direct attack is made on such judgment in the petition for injunction, and there is no prayer to have the judgment set aside.

"A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Code, § 110-501. Since the petition in this case shows that a judgment had been

entered by a court of competent jurisdiction condemning the property of the petitioners, which judgment is not directly attacked by such petition, the court properly sustained the general demurrer.

In view of the above holding, it is unnecessary to decide whether or not a condemnee may bring a petition in equity to enjoin condemnation proceedings, challenging the necessity to condemn, and alleging that an excessive quantity of land would be taken, where the condemnee has participated in the proceedings, an award has been made by the assessors, and the condemnee has filed an appeal to a jury. See *Atlantic & B. R. Co.* v. *Penny,* 119 *Ga.* 484 (46 S. E. 665). For cases where an injunction was granted for legal cause, after an award and appeal to a jury, see *Harrold* v. *Central of Ga. Ry. Co.,* 144 *Ga.* 199 (86 S. E. 552), and *Warren County* v. *Todd,* 150 *Ga.* 690 (104 S. E. 906).

*Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*