CABLE *v.* STATE HIGHWAY BOARD OF GEORGIA.

WYATT, Justice. The State Highway Department of Georgia filed condemnation proceedings against Thomas Cable in the Superior Court of Towns County, seeking to condemn certain described lands belonging to the defendant. Three assessors were selected and sworn as provided

by law, and the assessors so selected met by agreement of all parties on February 22, 1951, to assess the value of the property sought to be condemned. The plaintiff was given every opportunity to be heard at this meeting, was represented by his counsel, and presented evidence as to the value of the property. When the hearing was completed, the assessors retired to fix a value on the property sought to be condemned, but failed to agree upon a value at that time and adjourned until February 24, 1951. At the February 24 meeting of the assessors, they again failed to agree upon a value and adjourned without fixing a time or place of another meeting. On February 26, 1951, without any notice to the plaintiff or his attorney, two of the assessors met and proceeded to assess the property and make a return to the court. After the return was made, the plaintiff in error filed this petition seeking to enjoin the State Highway Department of Georgia from going on, interfering with, or taking his property under the said assessment because the assessment was illegal and void for alleged reasons. The case was submitted on the pleadings. The injunction was denied, and the exception is to that judgment. *Held*:

1. It is contended that the condemnation proceedings in the instant case are illegal and void for the reason that the State Highway Department of Georgia failed to comply with an essential prerequisite to the condemnation of private property for public use, under Code §§ 36-302, 36-303, et seq. The Code sections referred to require negotiation between the condemnor and condemnee and a failure to agree before condemnation proceedings can be instituted. In the instant case, the plaintiff in error alleges that the condemnor did not negotiate with him for the purpose of securing the land in dispute before condemnation proceedings were begun. The defendant in error alleges that there were negotiations between the parties before the suit to condemn was begun, but contends that such negotiation was not necessary in this case, under Code § 36-1104 and the amendments thereto. Without deciding whether or not prior negotiation was required in the instant case, it becomes a question of fact whether or not such negotiation took place. The judge of the court below decided in favor of the defendant in error, and we can not say on the basis of the record in this case that this judgment was erroneous. There is no merit in this contention.

2. It is next contended that the assessment made by two of the assessors in the absence of the third is illegal, and for that reason the State Highway Department of Georgia should be enjoined from proceeding under it. Code § 36-504 provides in part: "The assessors, or a majority of them, shall assess the value of the property taken or used, or the damage done." Therefore, it is not necessary to the validity of an assessment in a condemnation proceeding that all three of the assessors agree upon a valuation. A majority is sufficient. In the instant case, three assessors were duly appointed. All were present at the hearings, and a majority made an assessment and a return to the court. Without deciding whether or not an assessment made by two assessors in the absence of the third, under the circumstances of the instant case, is a due and legal assessment, we do hold that such an assessment can not be collaterally attacked in a suit for injunction. If the assessment

is irregular or erroneous, it must be vacated and set aside in a direct attack upon the award. See, in this connection, *Mitchell* v. *Arnall*, 203 Ga. 384 (47 S. E. 2d, 258); *Thomas* v. *Central of Georgia Railroad,* 169 Ga. 269 (149 S. E. 884); *Hogg* v. *City of LaGrange,* 202 Ga. 767 (44 S. E. 2d, 760); *Georgia Power Co.* v. *Fountain,* 207 Ga. 361, 367 (61 S. E. 2d, 454). There is no merit in this contention. From what has been said above, there was no error in the judgment of the court below.

*Judgment affirmed. All the Justices concur.*

No. 17652. Submitted November 13, 1951—Decided January 15, 1952.

*G. A. Jones,* for plaintiff in error.

*Eugene Cook, Attorney-General, W. V. Rice, T. V. Williams, Assistant Attorneys-General* and *G. W. Franks,* contra.