LORENTZ & RITTLER v. ALEXANDER.

1. In so far as the act of 1879 is a law for the establishment of county courts, it is not a general law, inasmuch as it excepts by name the county of Walton, and also excepts all counties having a city court, and all county courts then existing.

2. There being no general law having operation throughout the State providing for the establishment of county courts, the local law of 1887 touching the establishment of a county court for Early county is not unconstitutional.

3. The act of 1879 (Code, ¿279 et seq.) establishes uniformity as to jurisdiction, powers, proceedings and practice of all county courts; and in so far as any local or special law on the subject conflicts with the same, such local or special law is unconstitutional; but this does not vitiate any such act in so far as it establishes a county court and ordains jurisdiction, powers, proceedings and practice in conformity to the general law.

July 8, 1891. By two Justices.

Constitutional law. County courts. Before Judge GUERRY. Early superior court. October term, 1890.

Reported in the decision.

H. C. SHEFFIELD, by J. H. LUMPKIN, for plaintiffs.

R. H. POWELL, for defendant.

SIMMONS, Justice.

Lorentz & Rittler brought suit against Alexander in the county court of Early county, and obtained a judgment. Alexander appealed to the superior court. The case coming on to be tried there, Alexander moved to dismiss it on the ground that the law organizing the county court was unconstitutional. This motion was granted, and the plaintiff excepted. The county court of Early county was organized under a special act passed by the legislature in 1887. It was contended here by counsel for the defendant in error that the legislature had no authority under the constitution to pass a special act establishing a county court, inasmuch as by the act of 1872, amended by the act of 1879, a general law was already upon the statute-book providing for the establishment of county courts. The con-

stitutional provision relied on is as follows : "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law."    Art. 1, section 4, paragraph 1 (Code, §5027).

1. The act of 1872, which first provided for the establishment of county courts, was not a general law having uniform operation throughout the State, for the act itself excepted 46 counties from its operation.    The act of 1879, which amended the prior act, was not a general law, for the same reason.    It excepted Walton county by name, and all counties in which a city court had been established, and all counties in which county courts were then existing.    A law to be general under this section of the constitution must operate uniformly, throughout the whole State, upon the subject or class of subjects with which it purposes to deal.    The act under consideration deals with the establishment of county courts.    In order for it to be general and have uniform operation throughout the State, it must affect each county in the State.    If it excepts one, or several, it is not general, and cannot have this uniform operation in all counties of the State.    It follows, therefore, that the act in question is not a general law, under this clause of the constitution.    Where the legislature has not passed a general law upon a subject of a local nature, the constitution does not prohibit it from passing special laws for any particular locality upon that subject; but if there is a general law upon the subject, it is prohibited by the constitution from passing special laws for particular localities changing that general law.

2. The legislature not having passed any general law having operation throughout the State providing for the establishment of county courts, the act of 1887 establishing a county court for the county of Early is not unconstitutional.

3. It was contended, however, by counsel for the defendant in error, that the special act for Early county is different in some respects, as to jurisdiction, powers, proceedings and practice, from the act of 1879, which establishes uniformity in jurisdiction, powers, etc. for all counties. If it be true that the special act is different in these respects, it is unconstitutional and void so far as these differences are concerned; but the fact that the special act gives more, or less, jurisdiction, and establishes different proceedings or practice, does not render the whole act unconstitutional. So far as the act established a county court and ordained jurisdiction, powers, proceedings and practice in conformity to the general law, it was constitutional, and the court thus established must be governed by the act making the practice uniform in all county courts. If there is a difference in these respects, the special act must yield to the general law.        *Judgment reversed.*