CRABB *v.* THE STATE.

1. The act "to regulate the sale of spirituous or intoxicating liquors of any kind in the county of Polk," etc., approved September 19th, 1881, is unconstitutional in so far as it absolutely prohibits the sale of such liquors, because it *"contains matter different from what is expressed in the title thereof."*

2. The act "to prohibit the sale of intoxicating, malt or spirituous liquors in any quantity in the county of Polk," etc., approved October 26th, 1889, is unconstitutional because it is a special law upon a subject "for which provision has been made by an existing general law," to wit the local option act, approved September 18th, 1885.

3. The general local option law is of force in Polk county, and an indictment based thereon was properly sustained.

4. It is not necessary that an indictment should specify the statute upon which it is founded.

5. The sale of whisky sent by express " C. O. D." is not complete until the whisky is delivered and paid for; and the express agent making the delivery and collection in a county where sale is lawfully prohibited is subject to indictment if he acts knowingly in completing the sale. His knowledge may be inferred from circumstances as well as proved by direct evidence; good reason to know is equivalent to knowledge; wilful ignorance will not avail.

6. The evidence warranted the verdict.

February 12, 1892.

Criminal law.  Liquor-selling.  Statutes.  Constitutional law.  Before Judge JANES.  Polk superior court. February term, 1891.

Jesse Crabb, agent of the Southern Express Company at Cedartown, Polk county, was indicted for liquor-selling.  He excepted to the overruling of his demurrer to the indictment, and of his motion for a new trial. The indictment charged that on February 1, 1891, he "did unlawfully sell and barter for a valuable consideration alcoholic, spirituous, malt and intoxicating liquors and intoxicating bitters and other drinks which, if drunk to excess, will produce intoxication," etc.   The demurrer was upon the grounds : (1) The indictment was insufficient in that it did not state what statute or law of the State was violated in the charge therein contained, there being three statutes affecting prohibition in said county, neither of which has been repealed ; (2) because the indictment was insufficient, in that it was based on a violation of the provisions of the general local option act of 1884, and for this reason the indictment is bad, insufficient and erroneous, as, at the time said law was passed, and at the time the election was held thereunder for the county of Polk, there was another binding law for local option for said county of Polk passed in 1881, which had never been repealed, and also another statute passed for said county in 1889,

not yet repealed and not repealed at the date of the election in said county under said general local option law.

The motion for new trial alleges that the court erred in charging: "If the whisky was sent by a firm or person in Atlanta, or other place outside of this county, to Duke without the consent of said Duke, or without the order of him, the said Duke, and the whisky was delivered to Duke or any other person by an express agent in this county, and the money received of him here, and the agent knew or ought to have known it was whisky, then he would be guilty. The agent can't shut his eyes and intentionally fail and refuse to know what was in the box. If the agent had good reason to believe that it was whisky, and from the evidence you think he did believe, he would be guilty. You can determine from the evidence, as men of common sense, whether defendant knew or was satisfied as to what was in the boxes from the number of them, the price paid for them and the place and parties from which they came, and how they were handled." Also, that the court refused to charge: "Defendant would not be affected by any conversation between Duke and the seller, not in defendant's presence or hearing, and which was not brought to defendant's knowledge before delivery to Duke." Also, that the verdict was contrary to law and evidence, especially in that it was not shown that defendant knew what was in the package at or before the delivery thereof to the parties to whom he delivered it.

BLANCE & NOYES and ERWIN, DUBIGNON & CHISHOLM, for plaintiff in error.

A. RICHARDSON, solicitor-general, *contra.*

LUMPKIN, Justice.

1. There is not the slightest intimation in the title of the act of September 19, 1881, " to *regulate* the sale of

spirituous or intoxicating liquors of any kind in the county of Polk," etc., that it intends to *absolutely prohibit* the sale of such liquors in that county, and yet the act declares that in case the election which is to be held under its provisions shall result in favor of a *"restriction"* of the sale of such liquors, then it shall be a misdemeanor to sell liquors at all in that county. In other words, the sale of liquors will be entirely prohibited. So much of the act, therefore, as absolutely prohibits the sale of liquors, in the event contemplated, is manifestly in conflict with the paragraph of our constitution forbidding the passage of any law which "contains matter different from what is expressed in the title thereof." Code, §5067.

2. The act approved September 18, 1885, and known as "the general local option liquor law," is a general law providing for obtaining prohibition in the several counties of this State. It is true that sec. 9 of this act enacts that no elections shall be held under its provisions in any county, or other place, where the sale of spirituous liquors is already prohibited by high license, local option or other legislation, so long as these local laws remain of force, but the act, nevertheless, undoubtedly contemplates that it may operate in counties, or other localities, where prohibition existed at the time of its passage, whenever such prohibition shall cease to exist, and therefore the act may, and does, apply to every county and section of the State. In this respect it differs from the county court act construed by this court in *Lorentz & Rittler* v. *Alexander*, 87 *Ga.* 444. That act expressly excepted from its operation the county of Walton by name and also all counties having a city court and all county courts then existing. So there were many counties in the State in which it could not, as enacted, ever operate at all. We have seen, however, there is no county in the State to which the gen-

eral local option law will not in certain contingencies, which the law itself anticipates, be applicable. Moreover, all the counties in which the operation of the act last mentioned was temporarily suspended already had the benefit of the very thing this act was intended to confer, viz. a prohibition of the sale of intoxicating liquors. It follows that the act approved October 26, 1889, "to prohibit the sale of intoxicating, malt or spirituous liquors in any quantity in the county of Polk," being an attempt to obtain prohibition in that county without having an election, as the general law requires, is unconstitutional. The general prohibition law being in force in Polk county before the passage of the act last mentioned, the latter violates art. 1, sec. 4, par. 1, of the constitution which provides that "no special law shall be enacted in any case for which provision has been made by an existing general law." Code, §5027. Substantially the same question was ruled by this court in the "fence" cases of *Mathis* v. *Jones,* 84 *Ga.* 804, and *Camp* v. *Tompkins, Id.* 812.

3, 4. The two local liquor laws for Polk county being unconstitutional, do not, therefore, present any obstacle to enforcing the general local option law in that county.

It is certainly not necessary that the indictment should specify any particular act upon which it is founded. It has never been contended, as far as we are aware, since the adoption of the code, that an indictment should specify a particular section thereof, and there would certainly be as much reason for requiring this to be done as that it should designate a particular act of the legislature. If the indictment charges that the alleged criminal act was "contrary to the laws of said State, the good order, peace and dignity thereof," it is in this respect sufficient. Code, §4628.

5. The principles enunciated in the fifth head-note are sustained by the following authorities: State *v.* O'Neil,

58 Vt. 140, s. c. 2 At. R. 586; State v. Goss, 59 Vt. 266; Baker v. Bourcicault, 1 Daly, 23; U. S. v. Shriver, 23 Fed. Rep. 134; U. S. v. Cline, 26 Id. 515; Newmark on Sales, 375; 7 Am. & Eng. Enc. of L. 579. On the other hand see Sarbecker v. State, 65 Wis. 171; Pilgreen v. State, 71 Ala. 368; State v. Carl & Tobey, 43 Ark. 353; State v. Intoxicating Liquors, 73 Me. 278; Com. v. Fleming, 130 Pa. St. 138; Smith v. State, 16 S. W. Rep. 2; Boothby v. Plaisted, 51 N. H. 436. In our opinion, however, the authorities first above cited are in accord with the true law of the subject. *Judgment affirmed.*