HANEY *et al. v.* COMMISSIONERS OF BARTOW COUNTY.

The act approved October 21st, 1891 (Acts of 1890-91, vol. 1, p. 135), in relation to public roads, is a general law, and as such does not, because it provides that it " shall not go into effect in any county in this State until it is recommended by the grand jury of said county," violate the constitutional requirement that laws of a general nature shall have uniform operation throughout the State. Nor does the act confer upon grand juries the power of legislation. This act is not unconstitutional in that it denies the right of trial by jury; nor as creating a rate of taxation not uniform in its char-

acter; nor as containing more than one subject-matter, or matter different from what is expressed in its title.

July 17, 1893.

Before Judge MILNER. Bartow county. May 20, 1893.

Petition for the writ of prohibition commanding the county commissioners to desist from all action looking to the working of the public roads under the statute discussed in the decision, which states the grounds on which the act was alleged to be unconstitutional. The writ was refused, and petitioners excepted.

J. W. HARRIS, Jr., for plaintiffs.

A. W. FITE, A. S. JOHNSON and J. H. WIKLE, contra.

LUMPKIN, Justice.

This case involves the constitutionality of the act approved October 21, 1891 (Acts of 1890–91, vol. 1, p. 135), known as the "general road law." We will briefly deal with the several objections to this act in the order in which they were presented to us.

It was insisted that, viewed as a special or local law, this act must fall, first, because there was at the time of its passage a general law on the same subject already in existence and embodied in the code from section 597 to section 666, both inclusive; and secondly, because it was passed without local publication, as required by the constitution. We do not think this act either is, or was intended to be, special or local legislation, and will therefore proceed to inquire whether or not, viewed as a general law, it can constitutionally stand.

The learned counsel for the plaintiffs in error earnestly contended that, regarded as a law of a general nature, this act violates the constitutional requirement that such laws shall have uniform operation throughout the State, because the territory in which it can operate is limited to less than the whole State by the provision in the law itself that it "shall not go into effect in any county of this State until it is recommended by the grand jury of

said county." That this objection is not well taken has been settled by the principle announced with reference to the "general local option liquor law" in *Crabb v. State,* 88 *Ga.* 584. What is therein said concerning the general liquor law is equally true of the general road law, viz: that there is no county in the State to which this law will not, in certain contingencies which the law itself anticipates, be applicable. If every grand jury in Georgia should recommend that this road law go into effect, its operation would become universal all over the State, and therefore,. in our opinion, the act may, and does, apply to every county in the State. The distinction between this act and the county court act, as construed by this court in *Lorentz & Rittler* v. *Alexander,* 87 *Ga.* 444, is the same as that between the latter act and the general liquor law, which was pointed out in the *Crabb* case, *supra.*

The objection that the act before us confers upon grand juries the powers of legislation is also not well taken. It has for many years· been the policy of our General Assembly to leave to local authorities, such as municipal governments and grand juries, and to the people themselves, the determination of the question whether or not particular legislation should be operative in given counties or localities. This policy has been so generally recognized as sound and constitutional, we deem it unnecessary to state the numerous instances in which it has been followed. The county court act provided that it should not "take effect so as to allow a county judge to be appointed for any county until the grand jury thereof [should], by a majority, so recommend." It has never been held that the establishment of a county court in any county of this State by recommendation of the grand jury was legislation by that body. It was argued, however, that the county court act is, in itself, complete and operative in all the coun-

ties to which it can apply, and that the only thing left for the grand jury to do is to recommend the appointment of a judge; while the road law now under review cannot go into effect in any county except by a recommendation of the grand jury that it shall go into effect, and is, therefore, no law at all in any county until such recommendation has been made. The distinction thus sought to be drawn between the two acts is, practically, no distinction at all. In either case, the act is nugatory and inoperative in any particular county until after action by the grand jury, and the form of that action is immaterial.

The next objection to the act was, that it denies to defaulters who fail to work the public roads, or to pay the commutation tax, the right of trial by jury. The ruling of this court in *Blankenship et al.* v. *The State*, 40 *Ga.* 680, in principle decides the question thus made. In that case it was held that a judge of the superior court could try and punish defaulting road commissioners, and that they were not entitled to demand a trial by jury. To work the public roads, or to pay a fair tax in lieu of such work, is a public duty, and a failure to perform this duty may be punished by the exercise of a police power lodged with the proper authorities. A proceeding of this kind is altogether different from an indictment and trial for an offence against the criminal statutes of the State. It is similar in many respects to the proceedings had by the various recorders' and mayors' courts in our cities and towns, and is also somewhat analogous to the proceedings by which judges compel the attendance of jurors and witnesses, and the performance by them of their respective duties. To allow demands for jury trials in such cases would practically obstruct all progress in these matters, a result which we are quite sure was never contemplated nor intended by the framers of our organic law.

Another objection was, that the rates of the taxation provided for by the act may vary in different counties, which would be contrary to the constitutional requirement of uniformity in taxation. This objection is not sound. The several counties in this State have different rates of taxation for county purposes; and according to the doctrine announced by this court in *Columbus Southern Ry. Co.* v. *Wright*, 89 *Ga.* 574, so long as a county tax upon all subjects or persons within its jurisdiction is at the same rate, the uniformity required by the constitution is observed. See specially page 594.

The only remaining objection was, that the act refers to more than one subject-matter, and contains matter different from what is expressed in its title. We think an examination of the title, in connection with the body of the act, will be sufficient to show that this objection is also without substantial merit.

On the whole, the act is not unconstitutional for any of the reasons presented, and we agree with our learned brother of the circuit bench in so holding.

*Judgment affirmed.*