*H. M. Jones* and *Johnston & Cone,* contra.

---

### CITY OF MACON v. ROAD COMMISSIONERS OF BIBB COUNTY et al.

FISH, C. J. An act approved August 12, 1914 (Acts 1914, p. 977), is entitled: "An act to amend the act creating a new charter for the City of Macon, approved November 21, 1893, so as to provide for the regulation and control of the county chain-gang of Bibb County; to require said county chain-gang to work the public streets and alleys of the City of Macon; to prescribe under whose direction and for what period of time said county chain-gang shall be so employed; and for other purposes." Among other things the act declares: "That from and after the passage of this act it shall be the duty of the county board of commissioners for Bibb County and the road commissioners of Bibb County to work the entire county chain-gang upon the public streets

and alleys of the City of Macon for a period of two months during the present year, 1914, and for a period of four months of each calendar year thereafter, under the absolute control, supervision, and direction of the Mayor and Council of the City of Macon." Also that "the Mayor and Council of the City of Macon shall have the right and privilege to elect when and for how long said county chain-gang shall be employed within the corporate limits of said city." Furthermore, "that the said county chain-gang, while employed at work within the limits of the City of Macon as hereinbefore provided, shall be under the complete control, supervision, and direction of the Mayor and Council of the City of Macon or such municipal officer as the Mayor and Council by resolution shall designate; and it shall be the duty of the road commissioners of Bibb County to furnish to the Mayor and Council of the City of Macon all of the county's live stock, road-working machinery, appliances, tools, and general equipment connected with road working, to be used by said county chain-gang in working the public streets and alleys of said city." Also, "That the entire expense necessary to the maintenance, custody, and control of said county chain-gang while so employed in working the said streets, and all other expenses incident to the proper working of said streets, shall be borne by the County of Bibb." At the time of the passage of this act, which purports to be an amendment of the act approved November 21, 1893 (Acts 1893, p. 240), creating a new charter for the City of Macon, the general statute of 1908 (Acts Ex. Sess. 1908, p. 1119, Penal Code, §§ 1207 et seq.), providing for the employment of felony and misdemeanor male convicts upon the public roads of the several counties of the State, was in effect. *Held*, that the special act of August 12, 1914, above referred to, is unconstitutional and void, because violative of the provision of the constitution of this State declaring that no special law shall be enacted in any case for which provision has been made by an existing general law. Civil Code, § 6391.

(*a*) The facts of this case are not materially different from those in the case of *Board of Commissioners* v. *Americus*, 141 *Ga.* 542 (81 S. E. 435), and the decision there rendered controls the present case.

(*b*) It follows that it was not error to refuse to grant a mandamus absolute, requiring the road commissioners for the County of Bibb to furnish the convicts in the chain-gang of Bibb county and its road-working equipment to the municipal authorities of the City of Macon, upon a demand made by the latter on the former in pursuance of such unconstitutional special act.

(*c*) The request to review and overrule the case of *Board of Commissioners* v. *Americus*, supra, is refused.

*Judgment affirmed. All the Justices concur, except George, J., disqualified, and Gilbert, J., absent for providential cause.*

No. 1768. APRIL 15, 1920.

Petition for mandamus. Before Judge Mathews. Bibb superior court. November 24, 1919.

*R. G. Plunkett* and *P. F. Brock,* for plaintiff.
*W. G. Smith* and *Joseph H. Hall,* for defendants.