HARRIS COUNTY *v.* WILLIAMS, sheriff.

No. 6320.   SEPTEMBER 15, 1928.

*A. L. Hardy* and *H. A. Hall*, for plaintiff.

*J. R. Terrell, J. R. Lunsford, Foley & Chappell,* and *George C. Palmer,* for defendant.

HILL, J. (After stating the foregoing facts.)

The act of 1917 (Acts 1917, p. 283) was subsequent to the amendment (Ga. L. 1916, p. 24) of article 6, section 13, para-graph 2, of the constitution of 1877 (Code Supp. § 6534). That amendment declares that "the General Assembly shall have power, at any time, by a majority vote of each branch, to abolish the fees at present accruing to the office of solicitor-general in any par-ticular judicial circuit, and in lieu thereof to prescribe a salary for such office, in addition to the salary prescribed in section 6533, and without regard to the uniformity of such salaries in the vari-ous circuits; and shall have the further power to determine what disposition shall be made of the fines, forfeitures, and fees accru-ing to the office of solicitor-general in any such judicial circuit where the fees are abolished." This provision purports to au-thorize legislation for the abolition of fees payable to the solicitors-general of the several judicial circuits of the State, and to provide salaries for solicitors-general in such circuits in lieu of fees; but it does not purport to abolish fees or provide salaries in lieu of fees for any other officers of court, and consequently does not pur-port to affect the right of sheriffs of the counties to the fees allowed them by law, nor does it purport to affect the power of the solicitors-general, as provided by law, to collect and disburse fees due to other officers of court, such as sheriffs or the like. The general law as embodied in the Penal Code (1910), § 798 (7) makes it the duty of the solicitor-general "to collect all moneys arising from fines and forfeited recognizances, all costs on crim-

inal cases when paid into court before judgment, and not otherwise; and at the fall term of each court, every year, to settle with the county treasurer, and pay over to him all moneys due him according to law, after a fair and full settlement." It is provided in the Penal Code (1910), § 1114, that: "Money arising from fines, or collected on forfeited recognizances in the superior courts, or for a violation of the penal laws, shall be first applied to the extinguishment of the insolvent lists of the officers bringing it into court and those of justices and constables pro rata, and then to the orders of former officers in proportion to their claims." The succeeding sections of the Penal Code 1115-1123 also refer to the collection and disposition of fines, forfeitures, and costs. These several sections of the Code are general laws. The act approved August 20, 1917 (Acts 1917, p. 283), in section 3 provides: "In the distribution among officers of court of all costs, both in particular cases or matters, and all insolvent costs, and all fines, forfeitures, and fees paid into the superior courts of the counties composing said judicial circuit, or which may become due and payable therein, the said counties shall be subrogated to the rights and claims of the solicitor-general of said circuit, and any former solicitor-general, and shall stand in their places and stead, and shall be entitled to all funds, moneys, and emoluments accruing to said office in said judicial circuit; and hereafter when orders on the insolvent fund or other judgment or finding are entered or approved in behalf of other officers of court, instead of the same being entered and approved in the name of the solicitor-general as under the present system, the same shall be entered and approved in the name of the solicitor-general for the use and benefit of the respective counties of said circuit. All costs, both in particular cases or matters, and all insolvent costs, and all fines, forfeitures, and fees, and all funds, moneys, and emoluments accruing to the office of solicitor-general in said judicial circuit, under any laws heretofore or now existing or which may hereafter be enacted, shall be collected by the clerks of the superior courts of the various counties composing said judicial circuit, and shall be paid by said clerks into the treasuries of their respective counties; all of which said sums shall be the property of said counties; that is to say, all sums collected from any and all cases or matters arising in that particular county shall be paid by said clerk into the treasury of

that county and shall become the property of such county." This provision of the act is sufficiently broad to comprehend fees and costs that would be due a sheriff in criminal cases, and to declare such fees and costs as due to the sheriff to be the property of the county, and to put within the jurisdiction of the clerk of the superior court the authority to collect and distribute such fees in lieu of the solicitors-general, whose duty it would be to collect and distribute the fees under the general law as embodied in the Penal Code, § 798 (7). In so far as the act purports to make the costs and fees of the sheriff the property of the county, and to make it the duty of the clerk of the superior court to collect and distribute such fees, it is a special law relating to a matter covered by existing general laws as above referred to, and to that extent the statute is violative of article 1, section 4, paragraph 1, of the constitution of this State (Civil Code, § 6391,) which provides that "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law."

■ When the original petition is construed alone, it would appear that the county had paid out directly described funds to the sheriff; but when considered in the light of the amendment, the petition as amended should be construed as alleging that the sheriff had presented his bill for costs and fees to the solicitor-general, who paid the bill from money coming into his hands from fines and forfeitures. In these circumstances the county would not have acquired title to any part of the money that was paid to the sheriff. The solicitor-general was not the agent of the county, and did not act for the county in making the payment to the sheriff. If any of the payments were unlawful and the solicitor-general had been imposed upon by the sheriff, he would be the party to complain, and not the county. A different question would be presented if, before the fund had been distributed by the solicitor-general, the county had proceeded appropriately against the sheriff and the solicitor-general to have an apportionment of the money. The county can not, after the money has been paid over, maintain a suit against the sheriff alone as for money had and received.

■ This case differs from the case of *Felton* v. *Watts,* 162 *Ga.* 216 (134 S. E. 57), which involved the fees of a solicitor-general.

Besides, no constitutional question was involved in the *Felton* case.

■ The judge did not err in overruling the exceptions of law to the auditor's finding, and in rendering final judgment for the defendant. *Judgment affirmed. All the Justices concur.*