CHEATHAM *v.* PALMER *et al.*

No. 8987.  JANUARY 13, 1933.

*Dekle & Dekle* and *Philip Weltner,* for plaintiff.

*William Woodrum* and *William S. Shelfer,* for defendants.

RUSSELL, C. J. Jurisdiction of this case would inhere in the Court of Appeals but for the fact that the amendment to the declaration brings in question the constitutionality of section 9 of the act of 1927 (Ga. L. 1927, pp. 1404-1415), which can only be adjudicated by the Supreme Court. The plaintiff insists that the provision of the act of 1927 upon which the defendants in error rely is unconstitutional, as in violation of art. 1, sec. 4, par. 1, of the constitution of Georgia of 1877, quoted above, because the act in question has the effect of repealing and revoking §§ 4194 and 4195 of the Civil Code, quoted above, which are general laws; and that thereby so much of the act of 1927 as seeks to exclude unmatured instalments for paving from the terms of any general covenant of warranty is unconstitutional and void. It is also set up in the declaration of the plaintiff that the provision of the act of 1927 in question is violative of art. 3, sec. 7, par. 8, of the constitution, quoted above. Learned counsel for the defendants urge for our consideration the grounds set forth in the motion to strike the declaration as amended, and direct our attention to the fact that there is no issue as to the fact that there was no paving instalment mature as against the real estate conveyed by the defendants at the time of the making of the alleged warranty, that the declaration shows on its face that the plaintiff has never been evicted from said premises, that the defendants had no notice or opportunity of defending any alleged general covenant of warranty that had been made by them, and "that the alleged lien or encumbrance had never been adjudged a valid lien by a court of competent jurisdiction." The defendants insist that the provision of section 9 of the act of 1927, providing that unmatured paving instalments shall not be covered by any general covenant of warranty, is valid and constitutional, and cite Knight *v.* Clinkscales, 51 Okla. 508 (152 Pac. 133), to show that the State of Oklahoma had adopted a law providing that a general warranty of title should not cover unmatured instalments of street-paving assessments. This court is

also cited to 44 Corpus Juris, 481-2, § 2807. Our attention is also called to the holdings of this court that assessments to pay for local improvements, within the meaning of that term as generally understood in constitutional restrictions and exemptions, are not taxes. It is true this court has several times held that they are not specifically taxes. But this court can not hold that assessments for paving which the city collects to pay for paving, and which are a lien upon abutting property, do not constitute an encumbrance upon the property which some one must discharge; and the question in this case is whether a vendor who sells property and warrants the title to be free from encumbrance is liable under the Code, §§ 4194, 4195. Learned counsel for defendants argues that "The legislature did not say that the paving instalments should not be covered by a general covenant of warranty, *because this probably would have been a conflict,* but the legislature only fixed the time as to when a general covenant of warranty would take effect," and in support of this proposition cite *Baugh* v. *LaGrange,* 161 *Ga.* 80 (130 S. E. 69), and *Arthur* v. *State,* 146 *Ga.* 827 (92 S. E. 637). "Therefore" (to quote from the brief) "it would seem that our Georgia special act concerning the special paving act for the City of Millen is not unconstitutional by reason of the fact that it sets forth the time as to when the encumbrance caused by the paving assessment shall be covered by a general covenant of warranty. If the clause in question is unconstitutional, null and void, no real-estate owner in Millen owning property affected by the paving assessments could sell their real estate and safely make a general warranty of title without first paying off all of said assessments, although the last assessment is not due in several years."

The issues between the parties raise only two real questions. First, is that part of section 9 of the paving act of 1927 in question which declares that "unmatured instalments shall not be deemed to be within the terms of any general covenant or warranty" unconstitutional for either reason urged in the amended declaration of the plaintiff; and second, was it legally necessary that the plaintiff should allege actual eviction as a condition precedent to his instituting an action for breach of warranty in the circumstances alleged? We are of the opinion that the paving act of the City of Millen in question is a special and local act. The law embodied in the Civil Code, §§ 4194, 4195, is a general law affect-

ing alike the entire State. So much of section 9 of the act of 1927 as declares, in reference to the lien therein created by assessments for paving therein provided for, that "unmatured instalments shall not be deemed to be within the terms of any general covenant or warranty" is such an unlawful limitation and restriction upon the general law governing warranties, as contained in §§ 4194 and 4195, as renders the restriction and variation from these sections unconstitutional. This is a law of a general nature, and of uniform operation throughout the State, and a provision in any local law which might exempt unmatured instalments of the assessment lien from the terms of the general law governing warranties would seem clearly to be an effort to vary in a particular case, by special legislation, the application of the general laws of this State in force at the time of the enactment of the paving act now before us. It is plain that in the passage of the act of 1927 the General Assembly provided for a valid and continuing lien of the highest rank upon all lands to be affected by the assessments which might be levied against the same. The lien of this paving assessment is to be of the same dignity as taxes, "and prior to and superior to all other liens against such lots or tracts, and such lien shall continue until such assessment and interest thereon shall be fully paid." And thus, after the assessment for paving has been made by the municipal authorities, the lien of the assessment attaches and remains fixed until discharged by payment as to all the instalments, whether matured or unmatured. This appears plainly from the language employed in section 8 of the paving act in question, under the statement that property owners affected may "relieve their property from the lien of said assessment" by "paying the amounts of their respective assessments within thirty days from the date of the passage of said ordinance." This is tantamount to a statement in the act that there is a lien for the entire assessment until it is all paid; and whether all ten payments be payable in two years or ten, their property will not be relieved from the lien until all are paid. So we are of the opinion that the assessment levied under the paving act against the property bought by plaintiff from defendants constituted a valid lien, at the time of the purchase, against the lot for every instalment then unmatured and unpaid. Under the provisions of §§ 4194 and 4195 of the Code, the plaintiff had the right to sue for a breach of the covenant

of warranty on account of the encumbrance (the paving lien) which existed at the time he bought the property, which he was forced to pay off and discharge in order to prevent the sale of the lot. Should the provision that "unmatured instalments shall not be deemed to be within the terms of any general covenant or warranty" be held to be constitutional and valid, the provisions of the general law as contained in the sections quoted would be wholly superseded and avoided, so far as the City of Millen and its paving is concerned. The constitution will not permit this, for it declares that "no special law shall be enacted in any case for which provision has been made by an existing general law." Among many authorities sustaining this proposition the following, with the citations in each, will suffice: *Lorentz* v. *Alexander,* 87 *Ga.* 444 (13 S. E. 632); *Stewart* v. *Anderson,* 140 *Ga.* 31 (78 S. E. 457); *O'Dowd* v. *Augusta,* 141 *Ga.* 748 (82 S. E. 148); *Morrison* v. *Cook,* 146 *Ga.* 570-79 (91 S. E. 671); *Sister Felicitas* v. *Hartridge,* 148 *Ga.* 832 (98 S. E. 538). *McCants* v. *Layfield,* 149 *Ga.* 231 (99 S. E. 877); *City of Macon* v. *Road Commissioners of Bibb County,* 150 *Ga.* 116 (102 S. E. 867); *Shore* v. *Banks County,* 162 *Ga.* 185 (132 S. E. 753); *Cain* v. *State,* 166 *Ga.* 539 (144 S. E. 6); *Harris County* v. *Williams,* 167 *Ga.* 45 (144 S. E. 756). The principle is very clearly stated by Mr. Justice Atkinson in *Stewart* v. *Anderson,* supra: "A general law may be repealed or modified by another general law, but it can not be repealed or modified by a special or local law. If the act under consideration is a general law, it is valid as against the contention that it violates the section of the constitution above quoted. If it is a special or local law dealing with a subject as to which provision has already been made by an existing general law, then it is in conflict with that section and invalid." The provisions of §§ 4194 and 4195 are "laws of a general nature," within the meaning of art. 1, sec. 4, par. 1, of the constitution, and under this general law the plaintiff has a right to recover on his warranty for any lien or encumbrance that was outstanding against the land purchased by him at the time of the purchase. By the provision of section 9 of the paving act here involved, the plaintiff would be denied the right vouchsafed him under the code sections cited; but the private rights of the plaintiff as conferred by these sections can not be constitutionally varied or affected by a special act. In *O'Dowd* v. *Augusta,* 141 *Ga.* 748, 752,

it was said: "The constitutional provision prohibiting special legislation in cases where a general law already applies is in the direction of the principles of equality and of granting like privileges to all and special privileges to none. This fundamental idea has been imbedded in the provisions of the constitution. It is not merely an arbitrary declaration, but is based on profound principles of equality and justice, and the same instrument in express terms requires the courts to declare unconstitutional laws in violation of it." Having reached the conclusion that the provision of the act of 1927 upon which the defendants rely is unconstitutional, it is not necessary at this time to inquire whether it is unconstitutional for any additional reason.

It is insisted, however, that before the plaintiff would be entitled to recover upon the breach of warranty he must show the failure of his title by establishing that he had been evicted, and that the vendor and warrantor had notice of the proceedings, or that he should have resisted the levy and vouched the vendor into court. The warranty contained in the deed involved in this case is a special warranty against encumbrances. Code §§ 4194 and 4195 modify the common law. Under these statutes, there is embraced in the term general warranty, by implication, certain specific warranties which the common law required to be express. In order to recover on a warranty of seizin, the loss of seizin (that is, eviction,) had to be proved. On a covenant for quiet possession, loss of possession had to be shown. But on a covenant against encumbrances, the only condition precedent to a right of action are the outstanding of a valid encumbrance at the date of the covenant affecting the property conveyed, and its discharge by the covenantee. "When a vendee under a warranty deed has fairly and reasonably paid a sum of money to remove an encumbrance which was outstanding, and was a legal and valid lien on the land at the time of his purchase, he may recover the amount thus paid from his vendor." *Amos* v. *Crosby*, 74 *Ga.* 793. In the *Amos* case, it is true, the facts showed an eviction, but the eviction was not referred to, and the decision was not predicated on eviction. It will be found upon examination, we think, that it is only in cases based upon actual loss of seizin by reason of an outstanding paramount title that it has been held that eviction must be alleged and proved. In *Martin* v. *Hamlet*, 159 *Ga.* 465, 468 (126 S. E. 371), Mr. Justice Atkinson, in

discussing the measure of damages involved in breach of warranty, said: "But the land, or the value of the land, is not that which is lost in all cases. In some cases the breach extends to only a part of the land—in some, it extends to only a part of the interest in the whole land sold, as when the outstanding better title is a lease for years—in some, it consists in the existence of an encumbrance *which the purchaser can and does remove before actual eviction,* for a sum less than the value of the land." (Italics ours.) The petitioner in this case alleges that he did remove an encumbrance; and having done this, under the principle announced in the *Martin* case, supra, he would be entitled to recover from the warrantor for a breach of his warranty the amount of the encumbrance which had been removed. The rule enunciated in the *Martin* case seems to have been followed in numerous jurisdictions in our sister States. Copeland *v.* McAdory, 100 Ala. 553 (13 So. 545) ; Dothan National Bank *v.* Hollis, 212 Ala. 628 (2) (103 So. 589) ; Hunt *v.* Marsh, 80 Mo. 396; Garrison *v.* Sandford, 12 N. J. L. 261; Smith *v.* Smith, 90 N. J. L. 282 (4) (101 Atl. 254) ; Swinney *v.* Cockrell, 86 Miss. 318, 322 (38 So. 353) ; Kent *v.* Cantrall, 44 Ind. 452 ; Bean *v.* Munger Land Co. (Mo.), 265 S. W. 844. In the case at bar the plaintiff received from the defendants a warranty of title to the land, which covered and protected him against encumbrance. At that time of the execution of the warranty deed a valid lien and encumbrance for the assessment for paving the street abutting the property was outstanding against the land conveyed. The plaintiff paid one instalment to protect the title to the property; and we are of the opinion that the defendants should give the plaintiff a clear title to this property.

*Judgment reversed. All the Justices concur.*