28193. CHEATHAM CHEMICAL COMPANY *v.* CHEATHAM.

DECIDED APRIL 22, 1940.

**546**

*Sutherland, Tuttle & Brennan, Dekle & Dekle,* for plaintiff.
*Carlton & Lane, James F. Nelson,* for defendant.

SUTTON, J. The petition set forth a cause of action based on the bond given by the defendant to indemnify the plaintiff and others against any "contingent liability that may now exist against either Cheatham Manufacturing Company or Cheatham Chemical Company, which liability is not reflected by any entry on the books of the said companies, except that contingent liability on behalf of the Federal Government arising from the claim of the Federal Government for additional excise taxes under the manufacturers-sales tax," etc. Clearly the taxes which the plaintiff was compelled to pay in 1938 were contingent liabilities in 1935, at the time of the sale of the stock in question. A contingent liability is a potential liability, not an *absolute* liability existing in the present, but one which may become an absolute liability upon the happening of a future event. As defined by Webster, "contingent" in accounting means "dependent on the occurrence of some event as yet undetermined; as contingent assets or liabilities." This construction of "contingent liability" is reinforced, by analogy, by considering the situation of one who indorses, without more, his name on a promissory note. In such a case his liability to pay is not *absolute*. Until the maturity of the note and the compliance by the owner with certain statutory requirements his liability is only *contingent*. But it is a contingent liability which *exists* in præsenti, even though certain events in the future may have the effect of relieving him altogether of liability. See *Massell* v. *Prudential Insurance Co.,* 57 *Ga. App.* 460 (196 S. E. 115). It is shown by the petition that in 1938 the City of Atlanta and Fulton County made additional tax assessments against the property of Cheatham Chemical Company, and subsequently issued executions against the company

based on such assessments. These additional taxes were obviously encumbrances against the property, and were paid by the plaintiff after the defendant had knowledge of the proceedings and was called on to discharge the encumbrances. Before paying these additional taxes it was not necessary, as would be true in the case of loss of seisin, to vouch the defendant into court (*Cheatham* v. *Palmer*, 176 *Ga.* 227, 167 S. E. 522), but upon discharging the encumbrances the plaintiff became entitled to maintain the present suit because of the indemnity provided by the bond which was given by the defendant.

The contention in the brief of counsel that the defendant is not liable, in that the period of indemnity is shown by the bond to expire on March 16, 1938, and the assessments were made thereafter, is without merit. The date in the clause upon which defendant relies, "and I do hereby pledge as an obligation of the performance of this obligation to deposit and maintain on deposit in the First National Bank of Atlanta, Savings Department, the sum of one thousand dollars ($1000) in cash, to be kept on deposit for the faithful performance of this obligation until March 16, 1938," relates only to the expiration of the period in which, as security additional to the obligations of the bond, the defendant was to maintain $1000 in the savings department of the bank, and is not a date marking the expiration of the period in which the defendant was obligating himself to hold harmless the plaintiff and others against any contingent liability then existing against the Cheatham Chemical Company and not shown on the books of the company except in respect of a possible claim by the Federal Government for additional excise taxes. Nor is the petition defective, as contended by the defendant, in that it fails to allege why the additional assessments were made. It alleges that these assessments were additional assessments for named years, and that executions in specified amounts were issued against the Cheatham Chemical Company. Presumably the officials of Fulton County and the City of Atlanta did their duty, and the assessments were proper because of undervaluations in previous returns for such years, and the proceedings were authorized under the Code, § 92-6701. The defendant was notified of these assessments and executions, and refused to discharge them. If he deemed them incorrect or excessive, he had the right to contest their enforcement in a court

of equity in the name of the plaintiff, because the statute which provides for additional assessments, where in previous years there have been no returns or returns at inadequate values (Ga. L. 1918, p. 232, Code, § 92-6701 et seq.), also provides that if the delinquent or his personal representative disputes the taxability of his property he may raise that question in equity in the superior court of the county where said property is assessed (§ 92-6704). It follows that, as the petition set forth a cause of action, the court erred in sustaining the defendant's general demurrer.

Judgment reversed. Stephens, P. J., and Felton, J., concur.