HOOD *v.* BURSON, tax-commissioner, *et al.*

No. 14099.   MAY 26, 1942.   REHEARING DENIED JUNE 17, 1942.

*Leon Hood,* for plaintiff.
*Willis Smith* and *J. L. Smith,* for defendants.
*Boykin & Boykin,* for persons at interest.

REID, Chief Justice.  ■  The act (Ga. Laws 1941, pp. 805-810) attacked as unconstitutional is entitled "An act to establish a Hospital and Health Board for Carroll County, to name the members of said board, fix the terms of office of its members, to provide for their successors and the method of their selection, outline the powers and duties of said board, to provide for the removal and for the filling of vacancies of·said members of said board; and for other purposes." Section 7 of the act is one of the portions against which the attack is directed. That section provides "that said board is charged with the duties and responsibilities of the public health board of Carroll County and is hereby designated as such for the purpose of carrying into effect the Ellis health law of said State in said county, and for carrying on any public health clinics and activities in said Carroll County. And in addition to the above, the Carroll County commissioner of roads and revenues or chairman of the Board of Carroll County Commissioners of Roads and Revenues, the Carroll County school superintendent, and the Carroll County physician shall be ex-officio members of the board for the purpose of carrying out the Ellis health law. Said board shall have authority to fix time and place of its meeting." The act and section are attacked as being a special or local law for which provision has been made by an existing general law, to wit: the Ellis health law as amended (Code, chapters 88-2 and 88-3), and therefore violative of the provision of the constitution of this State (art. 1, sec. 4, par. 1; Code, § 2-401), which in part declares: "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law."

Among the authorities applying the principle of the quoted provision of the constitution, it will suffice to cite only a few of the cases. *Mathis* v. *Jones,* 84 *Ga.* 804 (11 S. E. 1018); *Futrelle* v. *George,* 135 *Ga.* 265 (69 S. E. 182); *Lorentz* v. *Alexander,* 87 *Ga.* 444 (13 S. E. 632); *Stewart* v. *Anderson,* 140 *Ga.* 31 (78 S. E. 457); *O'Dowd* v. *Augusta,* 141 *Ga.* 748 (82 S. E. 148); *Morrison* v. *Cook,* 146 *Ga.* 570, 579 (91 S. E. 671); *Sister Felicitas* v. *Hartridge,* 148 *Ga.* 832 (98 S. E. 538); *McCants* v. *Layfield,* 149 *Ga.* 231 (99 S. E. 877); *City of Macon* v. *Road Commissioners of Bibb County,* 150 *Ga.* 116 (102 S. E. 867); *Shore* v. *Banks County,* 162 *Ga.* 185 (132 S. E. 753); *Cain* v. *State,* 166 *Ga.* 539 (144 S. E.

6); *Harris County* v. *Williams,* 167 *Ga.* 45 (144 S. E. 756); *Cheatham* v. *Palmer,* 176 *Ga.* 227, 234 (167 S. E. 522); *City of Atlanta* v. *Hudgins,* 193 *Ga.* 618 (19 S. E. 2d, 508). In *Stewart* v. *Anderson,* supra, in an opinion by Mr. Justice Atkinson the rule is very clearly stated as follows: "A general law may be repealed or modified by another general law, but it can not be repealed or modified by a special or local law. If the act under consideration is a general law, it is valid as against the contention that it violates the section of the constitution above quoted. If it is a special or local law dealing with a subject as to which provision has already been made by an existing general law, then it is in conflict with that section and invalid."

The act creating a hospital and health board for Carroll County is by its own terms territorially local, not permitting of application to any other counties in the State. Therefore it is a special or local law. *Futrelle* v. *George,* supra; *Lorentz* v. *Alexander,* supra; *Thomas* v. *Austin,* 103 *Ga.* 701 (30 S. E. 627); *Gibson* v. *Hood,* 185 *Ga.* 426 (195 S. E. 444).

The so-called Ellis health law, measured by the foregoing authorities, is a general law of uniform operation throughout the State. It is none the less so because of the optional principle dependent on grand jury action in the particular county before it goes into effect there. *Shadrick* v. *Bledsoe,* 186 *Ga.* 345 (198 S. E. 535); *Freeney* v. *Pape,* 185 *Ga.* 1 (194 S. E. 515); *Haney* v. *Commissioners of Bartow County,* 91 *Ga.* 770 (18 S. E. 28). It is not apparent from the record whether or not the Ellis health law had been put into effect in Carroll County. In view of the authorities cited above, the local act would not be saved from unconstitutionality on the grounds presented, regardless of whether or not the general law had been adopted in that county, if such local act invades the field legislated by the general law.

This brings us to a consideration of the question whether the act and section of the local or special law is an enactment for which provision was already made by the Ellis health law. A section of the latter law (Code, § 88-201) provides for the creation of a county board of health for each county, composed of three members, the county superintendent of schools, the chairman of the board of roads and revenues (or ordinary, where there is no commission), and one reputable physician elected by the grand jury.

This Code section also provides for term of office of four years, and for filling of vacancies of members, ending with a provision as follows: "The county boards of health shall have supervision over all matters relating to health and sanitation in their respective counties, with authority to declare and enforce quarantine therein subject to the provisions of this law."

The "said board" referred to in the first sentence of section 7 of the Carroll County act is the board created by sections 1 and 3 of that act. Section 1 prescribes that there shall be five members, citizens and freeholders of the county above the age of twenty-five, with not more than two members of the same militia district. Section 3 names five persons to compose the first board with staggered terms, respectively, ending from June 30, 1942, annually through June 30, 1946. Section 2 establishes terms of members at five years. Section 4 provides for filling of vacancies by recommendation of the grand jury with the approval of the judge of the superior court of the county. Section 5 provides for removal of members by the grand jury for cause, upon approval of the judge of the superior court, with temporary vacancies in such manner to be filled by the judge of the superior court until the next grand jury convenes. Section 6 confers on said board powers as trustees of real and personal property received by it, and "power to act for the people of Carroll County, in all matters pertaining to public health, public hospitalization, and public medical and dental clinics, in accordance with the laws now in force or which may hereafter be enacted."

It will be seen that the power given to the county health board which might be selected under the Code, § 88-201, to "have supervision over all matters relating to health and sanitation in their respective counties," is similar to that given to the Carroll County hospital and health board by section 6 of the local act providing that the board created by that act "shall have power to act for the people of Carroll County in all matters pertaining to public health," etc. In so far as matters of public health are concerned the local act attempts to legislate upon a subject for which provision has been made by an existing general law, namely, the Ellis health law. Besides the similarity of the power conferred upon the two boards as hereinabove stated, many conflicts might be pointed out. Among them are: the boards are constituted differently; the selection, qualifications, and terms of office are different.

The provision made in the last sentence of section 7 of the local act, adding to the board created by sections 1 and 3 the county commissioner, the county school superintendent, and the county physician, to be ex-officio members "for the purpose of carrying out the Ellis health law," does not save the act and section from unconstitutionality on the grounds urged. That the object of the local act may be for the beneficent purpose of rendering more comprehensive health and medical care for suffering people in the county for which the act was passed can not lend any help in sustaining it against the contentions of unconstitutionality. In *Mathis* v. *Jones,* supra, in an able opinion, Judge Bleckley said: "A law which is general by reason of its territorial comprehensiveness only can no more be limited in its operation territorially by a subsequent special law than one which is general in the nature of its subject-matter. You can not make a general statute cease to be general otherwise than by another general statute repealing it. That is, under the constitution of 1877, you can not repeal a general law in part by a local law; for, in the eye of the constitution, every local law is special relatively to a general law. . . No general law of the State can be left standing in some places and in other places be swept away. In dealing with such laws three methods are open to the legislature: to leave them as they are, to modify their provisions, or to repeal them. A law territorially general, and a subsequent law territorially special, for the same order of cases, are mutually exclusive of each other. The legislature may have either, but in the nature of things can not have both." At another point in that opinion it is said: "All special or local laws must find material upon which to operate outside of the scope of general laws. They can withdraw nothing from the domain of general laws which lie within their purview; for to do this would destroy their uniform operation as general laws for the State at large. Touching anything whatever of a local nature there may be a local law, provided no existing general statute applies to it: *but the same thing can not be regulated in one way by a general statute, and another way by a subsequent local statute. To allow this would be to allow a local statute to limit a prior general one— that is, to repeal it pro tanto, which, under the present constitution, can not be done."* (Italics ours.) See also *City of Atlanta* v. *Hudgens,* supra. The legislature having entered the field of

36

public health for the counties in this State by the general law sometimes called the Ellis health law, and the subsequent special or local act establishing a hospital and health board for Carroll County being an enactment for which provision has been made by the existing general law, the special act violates the constitution (Code, § 2-401), and is invalid. It follows that the levy of taxes predicated upon an alleged authority of the said local act or the board therein set up is void.

The judge erred in sustaining the general demurrer and in dismissing the case. *Judgment reversed. All the Justices concur.*