BROCK *v.* CHAPPELL, commissioner, *et al.*

JENKINS, Presiding Justice. 1. Although the constitution, art. 7, sec. 16, par. 1 (Code, § 2-6401), prohibits "any donation or gratuity in favor of any person, corporation, or association" to be made by a county (*Atlanta Chamber of Commerce* v. *McRae*, 174 *Ga.* 590, 163 S. E. 701, and cit.), the alleged proposed payment of $5000 to a named hospital in a county, "in order to take care of the hospitalization of the indigent sick of" the county, in consideration of which the hospital has agreed that "they will provide a ward" to the county for such purpose, would not fall within the inhibition against donations and gratuities.

2. Among the purposes specified by art. 7, sec. 6, par. 2, of the constitution as amended (Code Supp. § 2-5402), the legislature is empowered to delegate to counties "the right to levy a tax . . to support paupers." In pursuance of such authority, the *General Assembly* has granted to counties the right to levy taxes "for the support of paupers of the county" to the extent of 1-¼ mills, or up to 2-¾ mills, "upon recommendation of two successive grand juries of the county, made by a ⅔ vote of said grand juries" (Ga. L. 1941, p. 377; Code Supp. § 92-3715); and by the act of 1939 the General Assembly amended the Code, § 92-3701, specifying county powers of taxation, by giving to counties the right "to provide medical or other care and hospitalization for the indigent sick people of the county, not exceeding one mill." Ga. L. 1939, p. 201; Code Supp. § 92-3701(17). As was held in *Aven* v. *Steiner Cancer Hospital Inc.*, 189 *Ga.* 126 (3, *b*) (5 S. E. 2d, 356), the authority thus conferred is not limited "to personal administration by officers or agents" of the governing authority, but such authority "may, except as otherwise provided by law, enter into a contract with [a] corporation having appropriate charter power, under the terms

of which the latter corporation will care for the poor in the matter of medical and surgical treatment."

3. Although counties cannot "do any act or make any contract or incur any liability not authorized by some legislative act," yet where such authority appears, "the discretion vested in the county authorities [is] a·broad one, and therefore the reviewing power of the judge . . must be exercised with caution, and no interference had unless it is clear and manifest that the county authorities are abusing the discretion vested in them by law." *McCrory Co.* v. *Board of Commissioners of Fulton County*, 177 *Ga.* 242 (2) (170 S. E. 18), and cit.; *Commissioners of Habersham County* v. *Porter Mfg. Co.*, 103 *Ga.* 613, 617 (30 S. E. 547).

4. Since, under the constitutional and statutory authority stated, a contract by county authorities with a hospital in the county, to provide a ward for the hospitalization and medical treatment of the indigent sick of the county, is neither a gratuity nor otherwise prohibited unless in violation of statutory limitations on the levy of taxes to support such a contract (see *Aven* v. *Steiner Cancer Hospital Inc.*, 189 *Ga.* 126 (1, 3-a, 136, 138, supra); *Bennett* v. *LaGrange* 153 *Ga.* 428, 434, 112 S. E. 482; *Central of Ga. Ry. Co.* v. *Wright* 165 *Ga.* 1 (3) 29, 139 S. E. 890, and cit.), and since no past or intended violation by the county authorities with respect to any legal, adequate, and necessary levy of the tax was alleged in the instant petition of a taxpayer for injunction against the county commissioner, it will be assumed that the county will conform to the law in such respect; and on that assumption the judge did not err in dismissing the action on general demurrer.

(a) Nothing to the contrary was held in *Hood* v. *Burson*, 194 *Ga.* 30 (20 S. E. 2d, 755), where the tax levies by the county tax-commissioner and proposed payments to a county hospital and health board for the sick of the county were held illegal because the local board was acting under a special act with limited application to the county (Ga. L. 1941, pp. 805-810), with respect to matters for which provision had been made by the general Ellis health law (Code, chapters 88-2, 88-3), and therefore the local act was unconstitutional as violative of art. 1, sec. 4, par. 1, of the State constitution (Code, § 2-401), prohibiting special laws in cases for which provision has been made by a general law. Nor was any question raised in this case, such as was dealt with in *DeJarnette* v. *Hospital Authority of Albany*, 195 *Ga.* 189 (23 S. E. 2d, 716).

*Judgment affirmed. All the Justices concur, except Wyatt, J., disqualified.*

No. 14632. September 11, 1943.

*Willis Smith,* for plaintiff. *Boykin & Boykin,* for defendants.