## 33401   MOORE *v.* CITY OF TIFTON.

DECIDED JULY 10, 1951.

*Briggs Carson Jr.*, for plaintiff in error.

*C. A. Christian*, contra.

MacINTYRE, P. J. Under the terms of the Ellis Health Law (Ga. L., 1914, p. 124; 1941, p. 317; 1943, p. 371; Code, Ann. Supp., § 88-201) it is provided: "A county board of health for each county is hereby created, composed of three persons, two of whom shall be members of such board by virtue of their offices, to wit: the county superintendent of schools, and the chairman of the board of roads and revenues of the county, or some other member of the board of roads and revenues of the county appointed by said chairman, or in counties having no such board, the ordinary of said county, and one reputable physician elected by the grand jury of the county, at the session of the superior court for said county next preceding the regular January session of the county board of health of said county, or at any succeeding session of said court. . . The county boards of health shall have supervision over all matters relating to health and sanitation in their respective counties, with authority to declare and enforce quarantine therein subject to the provisions of this law. Any town or city within the county having a population of not less than 5,000 or not more than 20,000 as shown by the most recent decennial United States census may appoint two members of the county board of health, and the membership of such board of health shall be increased to include such two members from each such city or town: Provided, that said town or city participates in the expenses of the county health department as provided in section 88-313. The said two members shall consist of the mayor or city manager, as determined by the governing body of the town or city, and one other citizen appointed by the mayor and council or other governing body of the town or city. . . The county board of health shall have authority to pass rules and regulations which shall apply to citizens and premises within the limits of any city or town, or other area having a density of population comparable to that of a city or town whether incorporated or not, and which may or may not apply to citizens or premises in less densely populated or rural areas, as well as regulations which apply only to citizens or premises in sparsely populated or rural areas which may or may not apply

to citizens or premises of cities, towns, or densely populated areas."

By the terms of this same law (see Code, Ann. Supp., § 88-203) it is also provided: "The county boards of health of the several counties shall have full power and authority to adopt, enact, establish, and maintain all such rules and regulations not inconsistent with the laws and Constitution of this State and of the United States, as they may deem necessary and proper for protecting the health of their respective counties, and for preventing the introduction, generation and spread of infectious and contagious diseases therein."

It is further provided by the terms of the Ellis Health Law (see Code, Ann. Supp., § 88-313): "It shall be the duty of the board of health of each county at its June meeting each year or other meetings when necessary to determine and fix the sum of money it deems necessary or expedient for the operation of a department of public health in the county for the ensuing year, and they shall certify to the board of roads and revenues or other proper taxing authorities of the county, and to the mayor and council or other governing body of all cities and towns in the county . ., having a population of more than 5,000 and less than 20,000 as shown by the most recent decennial United States census, which by action of its mayor and council elect to have representation on the county board of health and participate financially in its expenses, the amount so fixed upon and assessed, and the proper taxing authority of the county and each town and city within the county, as above set forth, shall levy a tax rate sufficient to raise its proportional part of the total amount fixed upon and assessed by the county board of health, at the same time and in the same manner as is prescribed for levying taxes for other county or city purposes. The amount so fixed upon and assessed for the support of such county health department shall be borne by the county and its contained cities and towns as may be agreed upon by the county board of health and the taxing authorities of the county and the contained towns and cities."

The provisions for making the Ellis Health Law operative are (see Code, Ann. Supp., § 88-301): "The provisions of sections 88-303 to 88-312 may become operative at any time

upon the recommendation of the county board of health with the approval of the board of roads and revenues (or ordinary) but shall become operative in any county after the recommendation of two successive grand juries, but on such recommendation it shall become obligatory on the county boards of health and the county boards of roads and revenues and, in counties having no such board, upon the ordinary of said county, to carry out the provisions of this law; or the provisions of sections 88-303 to 88-312 may also be made operative in any county when a majority of the qualified voters of said county voting at an election held for said purpose shall have so expressed their wishes in the manner as hereinafter provided."

By the terms of the Ellis Health Law certain cities and counties are excepted under certain conditions from the operation of the law as follows: ". . This law shall not apply to any county in which the county and the principal municipality therein maintain separate health departments, until the county commissioners or other governing authority of such county and the mayor and council or other governing authority of such municipality shall by appropriate resolution signify that said county and said municipality shall come under the provisions thereof" (Code, Ann. Supp., § 88-314); and "There are excepted from the provisions of this Chapter those counties and municipalities in the State of Georgia which have heretofore provided or which may hereafter provide, pursuant to acts of the General Assembly, for combined county and city health departments, or county-wide health departments. ."

The Ellis Health Law is a general law of uniform operation throughout the State, and it is nonetheless so because of the optional principles dependent upon the recommendations of the county board of health with the approval of the county board of roads and revenues (or ordinary), or the recommendation of two successive grand juries, or an election in which the majority of the qualified voters express their desire to make it operative in their county, as provided in Code, Ann. Supp., § 88-301. *Hood* v. *Burson*, 194 *Ga.* 30, 33 (20 S. E. 2d, 755); *Haney* v. *Commissioners of Bartow County*, 91 *Ga.* 770 (18 S. E. 28); *Freeney* v. *Pape*, 185 *Ga.* 1 (194 S. E. 515); *Shadrick* v. *Bledsoe*, 186 *Ga.* 345 (198 S. E. 535).

It is not apparent from the evidence introduced in the case by the exercise of which of the options provided for in Code, Ann. Supp., § 88-301, the Ellis Health Law was made operative in Tift County; nor is it in evidence whether the City of Tifton and the County of Tift ever maintained separate boards of health so as to bring them within the exception of Code, Ann. Supp., § 88-314, which requires that the "county commissioners or other governing authority of such county and the mayor and council or other governing authority of such municipality . . by appropriate resolution [to] signify that said county and said municipality shall come under the provisions thereof"; nor is it apparent from the evidence that the City of Tifton and the County of Tift ever maintained combined, or county-wide, health departments pursuant to an act of the General Assembly so as to except them from the provisions of the general law, and counsel for the City of Tifton makes no contention that the City of Tifton comes within any of the exceptions provided for in the act. It does appear, however, from the evidence that the City Manager of the City of Tifton and one other person appointed by the City of Tifton are members of the Board of Health of the County of Tift. It also appears that the County of Tift has a general tax levy "to pay the expense of quarantine and sanitation including the expense of county health unit and board of health." The city's membership on the board of health and the county's tax levy are both in accord with the provisions of the general health law, and it would seem therefore that both the county and the city have brought themselves within the operation of the general law, and upon the transpiration of that event, the city's coming under the general law, the general law became so much a part of the city's charter as to suspend all repugnant health provisions of the charter and to suspend or render void all ordinances passed by the city pursuant to such provisions on the subject of health. *DeJarnette* v. *Hospital Authority of Albany*, 195 *Ga.* 189 (5) (23 S. E. 2d, 716).

It does not appear from the record when the city ordinance here in question was passed, but if the health ordinance of the City of Tifton was passed *after* the city came within the operation of the general law, the ordinance is void as seeking to legis-

late by local law upon a subject already covered by the general law. *Hood* v. *Burson,* supra, and citations. If the health ordinance of the City of Tifton was passed *before* the City of Tifton became subject to the general law, the ordinance was suspended by the city's action in bringing itself within the provisions of the general law.

Under the general law, the county board of health has "full power and authority to adopt, enact, establish, and maintain all such rules and regulations not inconsistent with the laws and Constitution of this State and of the United States, as they may deem necessary and proper for protecting the health of their respective counties, and for preventing the introduction, generation and spread of infectious and contagious diseases therein." Code, Ann. Supp., § 88-203. This power extends over cities operating under the general law. See the last sentence of Code, Ann. Supp., § 88-201, supra. The county boards of health are also empowered to declare and enforce quarantine in the exercise of their supervisions of health and sanitation in their respective counties. Code, Ann. Supp., § 88-201.

Without detailing the provisions of the health ordinance here under consideration, suffice it to say that it clearly covered subject matter contained in the general law over which the county board of health has full power and authority; and, if the health ordinance of the City of Tifton was passed *after* the general law went into effect in the County of Tift and the City of Tifton, the ordinance was unconstitutional and void. If the ordinance was passed *prior* to the effective date of the general law in the City of Tifton, then on the effective date of the general law in the City of Tifton, the ordinance was suspended in its operation by the general law going into operation. In either event, the executions issued under such ordinance are void, and the court erred in finding against the affidavit of illegality filed to the executions.

■ There is nothing contrary to what we here hold in the case of *Moore* v. *City of Tifton,* 204 *Ga.* 599 (supra). While the pleadings in that case raised perhaps the questions of the constitutionality and validity of the ordinance, a decision upon those questions was unnecessary as the Supreme Court simply held that the trial court did not err in denying an interlocutory

injunction as there was no evidence to show injury or damage to the person or property rights of the plaintiff, and no decision was rendered on the question of the constitutionality or validity of the ordinance.

■ The effort on the part of the county board of health to adopt the ordinance of the City of Tifton as a rule or regulation of that body was ineffective as it appears that there was no compliance with the requirement of Code, Ann. Supp., § 88-205, that such ordinance as a rule or regulation of the county board of health be posted at the courthouse door of the county or published at least once in the newspaper of the county in which the sheriff's notices are advertised.

Under the view which we have taken of the case as indicated by the foregoing divisions of this opinion it follows that the trial court erred in overruling the motion for a new trial.

*Judgment reversed.  Gardner and Townsend, JJ., concur.*