## Smith v. The State.

1. According to the ruling in the case of *Roby* v. *The State*, 74 *Ga.* 812, the presence of the ordinary at the drawing of a grand jury under section 3912 of the code is not essential. This being so, his failure to sign the minutes after the clerk has made the proper entry thereon is a mere irregularity, and will not vitiate the drawing, or render the jury drawn illegal. The presence of the clerk at the drawing may also be dispensed with on the same principle, a majority of all the officers designated to conduct the drawing having appeared and acted, such majority in this case consisting of the jury commissioners alone.

2. By the general law (Code, ¿809(b)) as amended by the act of September 24th, 1883 (Acts of 1882-3, p. 55), liquor dealers are authorized to register without obtaining permission from any one, and without paying any county taxes. The local act of September 28th, 1889 (Acts of 1889, p. 1344), applicable to the county of Harris, declares it to be unlawful to sell in that county by the gallon or in larger quantities, unless the seller shall first pay to the

county commissioners a tax of $25.00, obtain the written consent of two thirds of the *bona fide* resident freeholders within three miles of the locality where it is proposed to sell, and file the same with the county commissioners at the time of registering; and that it shall be discretionary with the commissioners to decline to permit any applicant to register.    This local act contravenes that provision of the constitution (Code, §5027) which declares that laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law.

3. The local act being unconstitutional and void, the court erred in charging the jury.                               *Judgment reversed.*

August 1, 1892.

Criminal law.  Jury.  Liquor.  Local statute.  Constitutional law.   Before Judge MARTIN.   Harris superior court.   October term, 1891.

Smith was tried upon a special presentment charging him with the offence of misdemeanor, for that on April 13, 1891, in the county of Harris, he did then and there unlawfully, etc., sell one gallon of spirituous, vinous and malt liquors, without having first paid to the county commissioners of said county the tax required by law, and without having obtained the written consent of two thirds of the *bona fide* resident freeholders within three miles of the place where said spirituous, vinous and malt liquors were sold, and without having filed said written consent with the county commissioners, and without having registered his business with the proper legal authorities in the county.  Another count in the presentment charged him with having sold in the county, on the day aforesaid, one half-gallon of spirituous, vinous and malt liquors, without having first obtained from the county commissioners, in whom the power to grant such license was vested, the license required by law, the place of sale being without the limits of an incorporated city, town or village, and without having taken the oath and given the bond required by law. Another count charged him with selling by retail a pint

of spirituous, vinous and malt liquors without having
obtained a license, the place of sale being without the
limits of an incorporated city, town or village, and
without having taken the oath required by law
and given the bond required by law. The defend-
ant interposed a plea in abatement, which was de-
murred to upon the ground that it was insufficient in
law  The demurrer was sustained, and to this ruling
defendant excepted. The substance of the plea was as
follows : There was no grand jury drawn for the Octo-
ber term, 1890, according to law. At the April term,
1890, the judge failed to draw a grand jury for the Oc-
tober term, 1890, and neither the ordinary of the county
nor the clerk of the superior court met with the jury
commissioners at any time between the April term, 1890,
and the October term, 1890, and drew grand jurors to
serve at the October term, 1890 ; but the jury commis-
sioners alone, and without the assistance and presence
of the ordinary and clerk, did on August 7, 1890, draw
a pretended grand jury to serve at the October term,
1890, which action of the jury commissioners was en-
tered on the minutes of the court by the clerk, and not
signed by the ordinary. The special presentment was
found and preferred against the defendant at the April
term, 1891, by a pretended grand jury, the members of
which were drawn as aforesaid and summoned to ap-
pear and be empanelled at the October term, 1890. The
judge of the court for providential cause adjourned the
October term, 1890, to February, 1891. Before said ad-
journed term said judge died, and the present judge ad-
journed the February adjourned term, 1891, by letter
addressed to the clerk, until the regular April term,
1891. At the April term, 1891, the grand jurors drawn
as aforesaid, and summoned to appear at the October
term, 1890, and the February adjourned term, 1891;
and not being drawn and summoned to appear at the

April term, 1891, were by the presiding judge empanelled and sworn as the grand jury for the April term, 1891, and being so illegally sworn and empanelled, made and found this special presentment.

The evidence showed that the defendant sold liquor only by the gallon, in 1889, 1890 and 1891, in the county and not within the corporate limits of any city, town or village. He introduced the record of the ordinary's office, showing that he had registered in that office and paid the tax in 1889, 1890 and 1891. He stated that he had sold liquor by the gallon and upwards, and in no other way; was advised he had the right so to do; if he had violated the law, he did not intend to do it. He was found guilty, and took exceptions to the following portions of ·the charge to the jury.

"Before the defendant would be authorized to sell liquor, he must first pay a tax of twenty-five dollars to the county commissioner of Harris county. He must then at the same time, or before selling, present to the county commissioners a petition signed by two thirds of the freeholders within three miles of the place where he is said to have sold it; and also to register as required by law. If he did these three things, then he would be authorized to sell liquor by the gallon under the statute If he did two of them and failed to do the third, he would not be excused. The law requires all three things of him before it would give him the authority to sell liquor. Whenever the State brings forward testimony to show in this case that he sold by the gallon, then the burden is shifted, and it is upon the defendant to show that before selling by the gallon he obtained a petition, signed by two thirds of the freeholders within three miles of the place where he sold, to sell it; that he had presented that petition to the commissioners of Harris county, and in addition thereto had paid the twenty-five dollars tax, and had also registered as re-

quired by law. There is a statute in this State that requires him to pay a tax of $25 to the county commissioners of Harris county, and to obtain the written consent of two thirds of the freeholders living within three miles of the place where he seeks to sell the liquor. That statute is on the statute books. It is of force, and the court charges you that it is the law, and the legislature had a right to pass such a law, and they did pass such a law, and it is the duty of the court and juries to enforce it. But if you find that he sold in any quantity by the gallon or more, without having paid the tax of $25.00 to the county commissioners, and having also had the written consent of two thirds of the freeholders living within three miles of the place where he sold the liquor, then, gentlemen of the jury, he is guilty."

BLANDFORD & GRIMES and R. A. RUSSELL, for plaintiff in error.

A. A. CARSON, solicitor-general, *contra*.