PARRISH *v.* MAYOR & ALDERMEN OF SAVANNAH.

No. 12007. MARCH 10, 1938.

*Oliver & Oliver,* for plaintiff.

*Spence M. Grayson* and *J. C. Hester,* for defendant.

BELL, Justice.   This case presents the question whether the act of the General Assembly providing that no action for damages shall be instituted against the City of Savannah unless written notice of the injury shall be given the mayor and aldermen of the city within six months from the date of the injury (Ga. L. 1915, p. 825) is unconstitutional on the ground that it violates the provision of the constitution of Georgia that "no special law shall be enacted in any case for which provision has been made by an existing general law." Code, § 2-401. The plaintiff instituted a suit against the City of Savannah for personal injuries alleged to have been caused by the negligence of the defendant. The petition showed upon its face that notice of the injury was given to the city authorities, but not within the time prescribed by the act of 1915; and for the purpose of overcoming this omission, the plaintiff in her petition challenged the statute upon the ground indicated. The defendant filed a general demurrer, which the court sustained, and the plaintiff excepted. The constitutionality of the act of 1915 is the only question presented by the writ of error. By section 1 of the act in question the charter of the City of Savannah was so amended as to include the following provision: "No action for damages to person or property of any character whatever shall be instituted against the City of Savannah, unless within six months from the happening or infliction of the injury complained of the complainant, his executors and administrators, shall give notice to the mayor and aldermen of said city of such injury, in writing, stating in such notice the date and place of the happening or infliction of such injury, the manner of such infliction, the character of the injury and the amount of damages claimed therefor." Ga. L. 1915, p. 825.

The plaintiff contends that there are two general laws, the existence of either of which would render the act of 1915 invalid under the quoted constitutional provision, one being the law as contained in the Code, § 69-308, and providing as follows: "No person, firm, or corporation, having a claim for money damages against any municipal corporation on account of injuries to person or property, shall bring any suit at law or equity against said municipal corporation for the same, without first presenting in

writing such claim to the governing authority of said municipality for adjustment, stating the time, place, and extent of such injury, as nearly as practicable, and the negligence which caused the same; and no such suit ·shall be entertained by the courts against such municipality until the cause of action therein shall have been first presented to said governing authority, for adjustment: provided, that upon the presentation of such claim said governing authority shall consider and act upon the same within 30 days from said presentation, and that the action of said governing authority, unless it results in the settlement thereof, shall in no sense be a bar to a suit therefor in the courts: provided, that the running of the statute of limitations shall be suspended during the time that the demand for payment is pending before such authorities without action on their part." Acts 1899, p. 74. The statute embodied in this section is, of course, a general law having uniform operation throughout the State, and under it a written demand is made a condition precedent to a suit for damages against any municipality of this State. It does not, however, attempt to limit the time within which the required notice must be given. The charter amendment of 1915 adds another condition precedent to suits against the City of Savannah, in that it requires that the written demand must be presented to the municipal authorities within six months from the date of the injury. Where the general law requiring a demand placed no limitation upon the time in which to present such demand, can it be said that a special law limiting the time for making such demand is unconstitutional, on the ground that it is a special law enacted in a case for which provision has been made by an existing general law? After a careful examination of the authorities, we have concluded that to answer the question in the affirmative would be to give to the constitutional provision an unreasonable construction, and one that would not accord with the previous decisions by this court.

In *Mathis* v. *Jones*, 84 *Ga.* 804 (11 S. E. 1018), relied upon by the plaintiff, it was said: "No general law, whatever be its nature, can, under that constitution, be put aside by a subsequent special law. If at any given time there is upon the statute book, taken as a whole, a general statute which provides for the case in hand, any local statute providing for it would necessarily contain the same or different provisions; if the same, it would be super-

fluous; and if different, it could have no effect without making the general statute cease to be territorially general and thereby arresting its uniform operation throughout the State. The scheme of our present constitution is not only to have general statutes uniform in their operation throughout the State when they are enacted, but to have them remain so as long as they remain in force. They can not be deprived of their force in one part of the State without simultaneously depriving them of force in every other part. . . All special or local laws must find material upon which to operate outside of the scope of general laws. They can withdraw nothing from the domain of general laws which lie within their purview; for to do this would destroy their uniform operation as general laws for the State at large. Touching anything whatever of a local nature there may be a local law, providing no existing general statute applies to it; but the same thing can not be regulated one way by a general statute, and another way by a subsequent local statute. To allow this would be to allow a local statute to limit a prior general one—that is, to repeal it pro tanto, which, under the present constitution, can not be done." We can not agree that this decision requires the conclusion that the act of 1915 is unconstitutional, as contended; on the contrary, we think it supports the view that the act is valid. In this connection it might be observed that in other jurisdictions it has been held that a reasonable limitation upon the time in which to present demands for damages to municipalities is a proper subject-matter for special or local legislation. See MacMullen v. Middletown, 187 N. Y. 37 (79 N. E. 863, 11 L. R. A. (N. S.) 391) ; 19 R. C. L. 1040, § 329; 44 C. J. 1462, § 4665. The plaintiff contends that it is not necessary that there should be a conflict between the general and the special law in order to invalidate the latter, if they both cover the same subject-matter. It is difficult, however, to imagine a case in which the provisions of a general law and of a special law would "cover" the same subject-matter without being in conflict, unless the provisions of both were the same, in which latter case the special law would be superfluous. From several decisions by this court it would seem to be clear that the proper test is whether the special law is antagonistic to or has the effect of repealing or modifying the general law. In the decision in Mathis v. Jones, supra, it was further said: "Upon many subjects the legislature may have a gen-

eral system or none, at its pleasure, but if a system has been adopted, it must be adhered to so long as it exists. It may be abolished or varied at will, but can not be violated by the enactment of a local or special law which conflicts with it."

In *Lorentz* v. *Alexander*, 87 *Ga.* 444 (13 S. E. 632), it was held that a designated special law was unconstitutional because it was *in conflict with* a stated general law on the same subject. In *Stewart* v. *Anderson*, 140 *Ga.* 31 (78 S. E. 457), it was said: "A general law may be repealed or modified by another general law, but it can not be repealed or modified by a special or local law." In *Union Dry Goods Co.* v. *Georgia Public-Service Commission*, 142 *Ga.* 841 (82 S. E. 946, L. R. A. 1916E, 358), it was said that the special laws there under consideration were passed in the exercise of the police power, and do not run "counter" to general legislation pertaining to other matters. In *Cheatham* v. *Palmer*, 176 *Ga.* 227 (167 S. E. 522), a special law was held unconstitutional because "in conflict with" a general law in reference to the same subject-matter. In *Futrell* v. *George*, 135 *Ga.* 265, 267 (69 S. E. 182), it was said that while it was competent for the legislature to bring about a stated result by the passage of general laws, "it was not permissible to accomplish this result by a special law which would have the effect of arresting the uniform operation throughout the State of the existing general law." The special law here under consideration would not have the effect of arresting the uniform operation of the general law in reference to the same subject-matter. Where both the general and the special acts can stand, they should be construed accordingly. Dillon on Municipal Corporations (2d ed.), 171, § 54. In *Montford* v. *Allen*, 111 *Ga.* 18, 21 (36 S. E. 305), it was said that "a general law will not be so construed as to repeal an existing particular or special law, unless it is plainly manifest from the terms of the general law that such was the intention of the lawmaking body." To the same effect, see *Jones* v. *Stokes*, 145 *Ga.* 745 (89 S. E. 1078). E converso, the special law should not be construed as an attempt to repeal the existing general law, unless it is plainly manifest that such was the intention of the legislature. It would not purport to do so unless in conflict therewith (*Atlantic Log & Export Co.* v. *Central of Ga. Ry. Co.*, 171 *Ga.* 175 (155 S. E. 525)), and unless there is such attempted modification or partial repeal of the general law, both the general and

the special law should be given effect. This is the clear meaning of the decision in *Mathis* v. *Jones,* supra, and seems to be the idea in practically all of the decisions.

In 43 C. J. 1187, § 1957, it is stated: "Inconsistency and discrepancy between different acts of legislation, charter or statutory, in regard to such notice are resolved by the application of the canon of construction in implied repeal, namely: both laws stand so far as reconcilable." It is well settled that this court will not declare an act of the legislature unconstitutional unless its invalidity is made to appear beyond a reasonable doubt. *Price Co.* v. *Atlanta,* 105 *Ga.* 358, 362 (31 S. E. 619); *Cooper* v. *Rollins,* 152 *Ga.* 588 (110 S. E. 726); *Wright* v. *Fulton County,* 169 *Ga.* 354 (150 S. E. 262). This principle applies with equal force whether the statute is general or special. For other decisions applying the constitutional provision here involved, see *Jones* v. *McCaskill,* 112 *Ga.* 453 (37 S. E. 724); *City of Barnesville* v. *Means,* 128 *Ga.* 197 (57 S. E. 422); *O'Dowd* v. *Augusta,* 141 *Ga.* 748 (82 S. E. 148); *City of Cartersville* v. *McGinnis,* 142 *Ga.* 71 (4) (82 S. E. 487, Ann. Cas. 1915D, 1067); *McCants* v. *Layfield,* 149 *Ga.* 231 (99 S. E. 877); *City of Macon* v. *Road Commissioners of Bibb County,* 150 *Ga.* 116 (102 S. E. 867); *Shore* v. *Banks County,* 162 *Ga.* 185 (132 S. E. 753); *Cain* v. *State,* 166 *Ga.* 539 (144 S. E. 6); *Harris County* v. *Williams,* 167 *Ga.* 45 (144 S. E. 756). It may be true that in some of the decisions from which we have quoted the question was not actually involved as to whether there must be a conflict between the special and the general law before the former can be held invalid; but the decisions manifest a decided trend of opinion to that effect, and from what has been said we think it is true that such a conflict must exist. As applied to the instant case, the special law is not in conflict with the general law, and does not have the effect of repealing or modifying it. The general law provides for a demand; the special law, for a time within which the demand shall be presented. They do not cover the same subject-matter. The general law is concerned only with requiring a demand as a prerequisite to suit, while the subject-matter of the special law is that of the time within which a demand may be presented. If the general law were of such nature as to imply that it was intended as an exhaustive treatment of the whole field relating to demands, a different conclusion might be

reached (*Smith* v. *State,* 90 *Ga.* 133, 15 S. E. 682; *Bagley* v. *State,* 103 *Ga.* 388, 29 S. E. 123) ; but no implication to this effect can be read into section 69-308. While under this section a demand may be presented at any time, at least until the action is barred by the statute of limitations, the right as to time is not fixed by this statute, since it does not purport to deal with that subject. Our conclusion is that the charter amendment of 1915 is not a special law in a case for which provision was made by the existing general law as embodied in section 69-308 of the Code.

■ It is further urged that the act is unconstitutional because it is provided by a general law that "actions for injuries to the person shall be brought within two years after the right of action accrues." Code, § 3-1004. There is no merit in this contention. This section of the Code is in no way involved in the instant case. The special act in question does not attempt to limit the time within which a suit may be instituted against the city. It merely limits the time for notice. After the notice required by the act is given, suit may be instituted at any time within two years from the date of the injury, as permitted by the statute of limitations. In Hartsell *v.* Asheville, 164 N. C. 193 (80 S. E. 226), it was said: "It is, besides, a most necessary requirement that the city should have prompt notice of the circumstances attending the injury and the damages claimed, in order that the matter may be investigated while the injury is fresh and the evidence obtainable. . . Such provision neither restricts nor interferes with the statute of limitations as to the time within which the action may be brought. It is a reasonable regulation in this case, indeed, expressly authorized by statute to give opportunity for prompt investigation of the circumstances attending the alleged injury." While the special act here under consideration does place a new and additional burden upon a person suing to recover damages of the City of Savannah, the burden is not prohibited by either of the general laws mentioned, nor does the special act purport to change by jot or title either of such general laws. Each of the latter still has the same general operation that it had before, whether the special act be treated as valid or invalid. A suitor must still comply in full with the expressed terms of each of the general laws, but he can also, and consistently, comply with the special act. It follows that the general laws and the special act must be construed harmoniously

and all be given effect according to their terms. The act of 1915 is not unconstitutional for the reasons urged; and the notice to the municipal authorities not having been given within the time prescribed thereby, the court did not err in sustaining the demurrer and dismissing the action.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Hutcheson, J., who dissent.*