### 38505. SHOEMAKER v. ALDMOR MANAGEMENT, INC. et al.

MARSHALL, Justice.

The appellant, Shoemaker, fell into a water meter box located on the premises of the Burger Inn Restaurant in Dalton, Georgia. He filed suit, naming as defendants: appellee Aldmor Management, Inc., which owns and manages the Burger Inn, and appellee City of Dalton. The City of Dalton filed a motion to dismiss or in the alternative motion for summary judgment, arguing that the plaintiff had not given the city notice of this claim as required by Code § 69-308 (Ga. L. 1899, p. 74; 1953, Nov. Sess., p. 338; 1956, pp. 183, 184.) The trial court granted the city's motion. The plaintiff appeals, arguing that § 69-308 violates the constitutional guarantees of due process and equal protection.

Section 69-308 provides, in pertinent part: "No person, firm or corporation, having a claim for money damages against any municipal corporation on account of injuries to person or property, shall bring any suit at law or equity against said municipal corporation for the same, without first, and within six months of the happening of the event upon which such claim is predicated, presenting in writing such claim to the governing authority of said municipality for adjustment, stating the time, place, and extent of such injury, as nearly as practicable, and the negligence which caused the same, and no such suit shall be entertained by the courts against such municipality until the cause of action therein shall have been first presented to said governing authority for adjustment . . ." *Held:*

State statutes and municipal charter provisions frequently require that an injured party give notice to municipal authorities as a condition precedent to an action against the municipality for tortious injury to person or property.

"Statutory or charter provisions requiring presentation of claims or demands to municipal corporations or counties before an action is instituted are in furtherance of a public policy to prevent needless litigation and to save unnecessary expenses and costs by affording an opportunity amicably to adjust all claims before suit is brought. The purpose of provisions requiring notice or statement of claim as a condition precedent to instituting a suit for damages against a municipal corporation is to give the municipal authorities prompt notice of the injury and the surrounding circumstances in order that the matter may be investigated while the matter is fresh,

the witnesses available, and before conditions have changed materially, and that the liability of the municipality or the extent of liability may be determined. This has a tendency to discourage litigation, since the proper authorities of the municipal corporation or county are enabled to determine intelligently whether there is liability, and if so, to make prompt settlement, and to avoid the costs of suit. On the other hand, if investigation discloses that there is no liability, or that it is desirable to litigate the matter, the municipal corporation can better prepare for the defense of a lawsuit. Notice also tends to prevent perjury and fraud and to avoid injustice growing out of the failure of the witness to recollect clearly occurrences long past before he is called upon to testify, and thus to safeguard against unfounded claims. A description of the injuries, or their character and extent, may enable the officers of the corporation to judge the reasonableness of the amount claimed as damages." 56 AmJur2d 730, Municipal Corporations, Etc., § 686 (footnotes omitted).

"Until the 1970's, it seemed universally established that such notice requirements were valid, at least if not applied to minors or incapacitated persons, and even, according to some cases, if applied to such individuals. In many cases courts have declared that it is within the power of the legislature to enact notice-of-claim requirements, on the theory that since the liability of a municipality for tortious claims is only statutory in its origin, the legislature can attach such conditions to the right to recover from a municipality for tort claims as the legislature deems proper or expedient. Many courts, moreover, have held notice-of-claim requirements valid generally, despite contentions that such provisions violated state constitutional prohibitions of special legislation, and despite further contentions that notice requirements violated state and federal constitutional guaranties of equal protection of law and due process of law . . ." 59 ALR3d 93, 97, Anno., Modern Status of the Law as to Validity of Statutes or Ordinances Requiring Notice of Tort Claim Against Local Government Entity (1974) (footnotes omitted).

The Georgia Court of Appeals has held that the six-months' limitation found in § 69-308 is a statute of limitation, and that where the person to whom the claim belongs is laboring under a disability, e.g., minority, the statute of limitation is tolled until the disability is removed. *Barnum v. Martin,* 135 Ga. App. 712 (2) (219 SE2d 341) (1975) and cits. Although it was held in *Parrish v. Mayor &c. of Savannah,* 185 Ga. 828 (196 SE 721) (1938), that a notice-of-claim requirement contained in a municipal charter violated the state constitutional requirement that no special law be enacted in any case for which provision has been made by general law, this holding was overruled in *City of Atlanta v. Hudgins,* 193 Ga. 618 (19 SE2d 508)

(1942). Aside from these cases, we have found no decisions in Georgia touching on the question of the constitutionality of the notice-of-claim requirement contained in § 69-308.

In other states, such notice-of-claim requirements have been upheld against equal-protection and due-process attacks on grounds that: sufficient differences exist between governmental and private tortfeasors to justify the legislature in requiring that ante litem notice be given to one but not the other, so long as the time within which notice must be given is not unreasonable. See Wilson v. District of Columbia, 338 A2d 437 (D. C. App. 1975); Housewright v. City of LaHarpe, 282 NE2d 437 (Ill., 1972); Harris County v. Dowlearn, 489 SW2d 140 (Tex. App., 1972); Dias v. Eden Township Hospital Dist., 370 P2d 334 (Calif., 1962).

However, during the 1970's, in those states in which the doctrine of sovereign immunity was either judicially or legislatively abolished, notice-of-claim requirements began being held invalid under state and federal due-process and equal-protection clauses. See O'Neil v. City of Parkersburg, 237 SE2d 504 (W. Va. 1977); Hunter v. North Mason High School, 539 P2d 845 (Wash. 1975); Reich v. State Highway Dept., 194 NW2d 700 (Mich., 1972); Turner v. Staggs, 510 P2d 879 (Nev., 1973). In Georgia, it has been held that the doctrine of sovereign immunity has been given constitutional status except to the extent of statutory or constitutional waiver. *Sheley v. Board of Public Education,* 233 Ga. 487 (212 SE2d 627) (1975).

For these reasons, it cannot be said that § 69-308 is violative of constitutional guarantees of either due process or equal protection. Since the right to sue a municipality is statutory, the legislature may attach a notice-of-claim requirement as a precondition to maintenance of such a suit. See generally, *Sikes v. Candler County,* 247 Ga. 115 (274 SE2d 464) (1981). Public agencies afford a proper subject of legislative classification. Dias v. Eden Township Hospital Dist., supra. The time limit contained in § 69-308 is six months, and it cannot be said that this is unreasonable. See Housewright v. City of LaHarpe, supra (six months); cf., O'Neil v. City of Parkersburg, supra (30 days); Barry v. Port Jervis, 72 NYS 104 (App. Div. 1901) (48 hours).

*Judgment affirmed. All the Justices concur, except Hill, P. J., and Smith, J., who dissent.*

DECIDED MAY 26, 1982.

*Michael S. Bender, V. C. Baker,* for appellant.
*Kinney, Kemp, Pickell, Avrett & Sponcler, F. Gregory Melton,*

*Mitchell, Mitchell, Coppedge, Boyett, Wester & Bates, J. Raymond Bates, Jr.,* for appellees.

HILL, Presiding Justice, dissenting.

Plaintiff argues that our municipal ante litem notice requirement violates the constitutional guarantees of due process and equal protection. This notice of claim (ante litem notice) requirement, Code Ann. § 69-308, is applicable to claims for money damages against municipal corporations on account of injuries to persons or property. Being applicable to claims for money damages, its applicability in suits in equity is negligible at best. The requirement is not applicable to suits for breach of contract. *City of Atlanta v. J. J. Black & Co.,* 110 Ga. App. 667 (139 SE2d 515) (1964). Thus the notice requirement applies to tort claims against municipalities.

On the other hand, the ante litem notice requirement applicable to counties, Code Ann. § 23-1602, is 12 months in length as opposed to 6 months for municipalities, and is satisfied by the filing and service of suit within 12 months. Compare Code Ann. § 69-308.

The Code section here in issue creates two classes of tortfeasors, municipal tortfeasors and all other tortfeasors, private tortfeasors as well as other governmental tortfeasors. At the same time, it creates two classes of tort victims—those with tort claims against municipalities and those with tort claims against others. See Hunter v. North Mason High School, supra.

There being no fundamental right or suspect classification involved, the rational relationship test is applicable.[1] "Under the rational relationship test a statutory classification is presumed valid and will comport with constitutional standards as long as it bears a *reasonable* relationship to a legitimate governmental purpose." See *McDaniel v. Thomas,* 248 Ga. 632, 638-639 (285 SE2d 156)(1981).

What is the "legitimate governmental purpose" of the requirement? The majority say it is to prevent needless litigation; to save unnecessary expense and costs by affording an opportunity for settlement before suit is brought; to give municipal authorities an opportunity for investigation while the witnesses are available and before conditions have changed; to enable municipal authorities to determine intelligently whether there is liability and if so, to make prompt settlement and avoid costs of suit, and if not, to enable the municipal corporation to prepare its defense; to prevent perjury and

---

[1] This assumes that the right to recover compensatory damages from a negligent tortfeasor is not a "fundamental right."

fraud and avoid injustice due to the faulty recollection of witnesses and thereby guard against unfounded claims; and to enable the municipal officers to judge the reasonableness of the amount claimed as damages.

These are laudable objectives, so laudable that perhaps they should apply to every tort defendant. Yet our Code provides that "No demand shall be necessary to the commencement of an action, except in such cases as the law or the contract prescribes." Code Ann. § 3-106. If private tortfeasors are not entitled to protection for these reasons, one would expect other governmental entities to have the same protection but they do not. School districts are not entitled to notice of claim and the opportunity for settlement is not necessarily afforded counties because the suit acts as notice of the claim.

Statutes of limitations of 2 or 4 years (Code Ch. 3-10) are considered adequate as to private tortfeasors and school districts to insure that there is an adequate opportunity for investigation while the witnesses are available and before conditions change, and to prevent perjury and fraud and avoid the faulty recollection of witnesses and guard against unfounded claims.

Today, many if not all municipalities and counties have insurance coverage as to automobile accidents, Code Ann. § 56-2436, as well as possibly other liabilities. The ante litem notice requirement applies regardless of whether the municipality's or county's insurance is applicable.

Because there is no requirement of notice as to school districts, because of the different times for notice as between counties and cities (12 months vs. 6 months), because one requirement is satisfied by the suit itself whereas the other is not, because many of the objectives of the notice would serve private tortfeasors but are not made available to them, and because the requirements are applicable whether or not insurance applies whereas private tortfeasors with insurance do not get the benefits of notice of claim, I would find that this ante litem notice requirement does not bear a reasonable relationship to a legitimate governmental purpose and I would hold that it constitutes a denial of equal protection and due process of law. I therefore dissent.